Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian L. Lewis, WSBA # 33560
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Room 7206
Hearing Time:
Hearing Date:
Response Date:

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY,<br><br>Debtor. | Case No: 10-21229<br><br>DECLARATION OF MATTHEW W. HUDSON IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO ENTER INTO POST-PETITION FINANCING AGREEMENT AND FOR APPROVAL TO USE CASH COLLATERAL |

Matthew W. Hudson declares as follows:

1. I am employed as a Managing Director with Oppenheimer & Co. Inc. ("*Oppenheimer*"). I am over the age of eighteen (18) years and competent in all ways to testify. I make this Declaration based upon personal first hand knowledge and my review of records in possession of Oppenheimer. If called before the Court to testify to the matters described herein, I would do so in a manner consistent with this Declaration.

2. I make this Declaration in support of the Debtor's Emergency Motion for Authority to Enter Into Post-Petition Financing Agreement and for Approval to Use Cash Collateral and related relief (the "*DIP Financing Motion*"). Capitalized terms not otherwise defined in this Declaration have the meanings given to them in the DIP Financing Motion.

DECLARATION OF MATTHEW W. HUDSON - 1

K:\2065889\00014\20136_BLL\20136P21RV

3. Since approximately March 2010, with assistance from Oppenheimer, Debtor has been attempting to sell its assets or otherwise recapitalize itself. In connection with those efforts, Oppenheimer assisted the Debtor in an extensive marketing process designed to elicit offers to restructure Debtor, refinance its debt or acquire Debtor's assets.

4. Oppenheimer solicited 140 parties in connection with the marketing efforts. These efforts resulted in ten (10) written expressions of interest from parties interested in either (i) acquiring Debtor's assets, (ii) purchasing a significant equity interest in Debtor or (iii) entering into a financing transaction with Debtor. Three of the written proposals were financing proposals (the "***Financing Proposals***"). The marketing efforts ultimately resulted in the execution of the Asset Purchase Agreement described in the DIP Financing Motion with Coast Rainier Acquisition Company ("***Clearlake***"), which is the intended stalking horse bidder for Debtor's assets in this case.

5. Under the purchase agreement between Debtor and Clearlake, Clearlake would acquire substantially all of Debtor's assets (the "***Purchased Assets***"), Debtor will receive $31,260,000 in cash consideration for the sale of the Purchased Assets, and the total purchase price, including assumed liabilities, will be approximately $80.157 million.

6. Each of the Financing Proposals received in the marketing process included one or more of the following terms, which proved unacceptable to Debtor and its prepetition lenders:

- Subordination of the Prepetition Senior Indebtedness
- Subordination of the Prepetition Junior Indebtedness
- Principal write-down of the Prepetition Senior Indebtedness
- Principal write-down of the Prepetition Junior Indebtedness
- Equitization (or other recapitalization or conversion) of the Prepetition Junior Indebtedness

DECLARATION OF MATTHEW W. HUDSON - 2

K:\2065889\00014\20136_BLL\20136P21RV

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- Excessive interest payments/loan fees based on Debtor's gross sales
- Freezing or limitations on the amount of the Prepetition Senior Indebtedness
- Interest rates as high as 20% per annum
- Excessive loan fees and/or pre-payment penalties

7. Oppenheimer has also been actively involved in the extensive prepetition negotiations with the Prepetition Lenders regarding the basis for any postpetition financing. Throughout the marketing process and the prepetition negotiation period with Clearlake and the Prepetition Lenders, it became apparent that (i) Debtor would not be able to obtain unsecured financing or financing secured by liens junior to the liens of Prepetition Lenders and Knott, (ii) the Prepetition Lenders are not willing to consent to the Debtor obtaining third-party financing secured by liens which are senior to, or pari passu with, existing liens on Debtor's assets and (iii) Prepetition Lenders will only agree to provide financing in the context of a chapter 11 debtor-in-possession loan facility on the terms set forth in the proposed DIP Financing Agreement.

8. Based upon Debtor's prepetition efforts to obtain alternative financing, its consideration of alternative restructuring options and my experience with the negotiations described above, I believe that Debtor is unable to obtain sufficient financing from sources other than the Prepetition Lenders on terms more favorable than those set forth in the proposed DIP Financing Agreement and that Debtor is unable to obtain unsecured credit allowable under 11 U.S.C. § 503(b)(1) as an administrative expense.

9. Attached hereto as Exhibit A are true and correct copies of relevant excerpts of a presentation dated May 4, 2010 prepared by Oppenheimer summarizing the Financing Proposals.

10. The Financing Proposals were solicited by Debtor and Oppenheimer on their representation that the identity of responding parties would remain confidential. Accordingly, Exhibit A has been partially redacted to remove references to the identity of the parties who

DECLARATION OF MATTHEW W. HUDSON - 3

K:\2065889\00014\20136_BLL\20136P21RV

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  submitted the various Financing Proposals and other proposals.

2  11.  I declare under penalty of perjury under the laws of the United States that the

3  foregoing is true and correct to the best of my knowledge.

4  EXECUTED this  22nd  day of  Sept , 2010 at  Baltimore, MD.

5  _____
   Matthew W. Hudson

DECLARATION OF MATTHEW W. HUDSON - 4

K:\2065889\00014\20136_BLL\20136P21RV

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022