Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian L. Lewis, WSBA #33560
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Room 7206

**Bid Procedures Hearing**
**Hearing Date: Friday, October 8, 2010**
**Hearing Time: 9:30 a.m.**
Response Date: Wednesday, October 6, 2010, or such other time as the Court may set pursuant to an order shortening-time for hearing on the bid procedures motion.

**Sale Hearing**
**Hearing Date: Friday, November 5, 2010**
**Hearing Time: 9:30 a.m.**
Response Date: Friday, October 29, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY,<br><br>              Debtor. | Case No. 10-21229<br><br>MOTION FOR ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS; (ii) APPROVING THE FORM AND MANNER OF NOTICE; (iii) APPROVING EXPENSE REIMBURSEMENT AND BREAK-UP FEE; (iv) APPROVING BIDDING PROCEDURES; AND (v) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS<br><br>– and –<br><br>MOTION FOR ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS AND BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; APPROVING THE ASSUMPTION AND ASSIGNMENT BY THE DEBTOR TO BUYER OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS; AND GRANTING OTHER RELIEF |

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 1

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Coast Crane Company (the "Debtor" or "Coast") moves (the "Motions") the Court pursuant to Bankruptcy Code Bankruptcy Code Sections 105(a), 363(b), (f), (m), and (n), and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for an order (i) scheduling a hearing to approve an asset purchase agreement with Coast Rainier Acquisition Company or its assigns (collectively, "CRAC" or "Buyer") for the sale of Debtor's assets, free and clear of liens; (ii) approving the form and manner of notice; (iii) approving expense reimbursement and break-up fee; (iv) approving bidding procedures; and (v) approving procedures for assumption and assignment of executory contracts (the "Bidding Procedures Order"). In addition, the Debtor moves for an order (the "Sale Order" and the hearing thereon, the "Sale Hearing") authorizing the sale (the "Asset Sale" or "Sale") of substantially all of the Debtor's assets and business (the "Purchased Assets") more particularly identified in the Asset Purchase Agreement (the "Purchase Agreement") dated September 21, 2010, free and clear of all liens, claims, and encumbrances to either: (1) CRAC, or (2) an Alternative Bidder (defined below). In connection with the proposed sale, along with notice of the hearing on this Motion, the Debtor is providing notice of overbid/auction procedures, for which the Debtor is also seeking Court approval. The Debtor also seeks Court approval of the assumption and assignment of certain executory contracts and leases (the "Assumed Executory Contracts and Leases"), which will be transferred to the successful bidder at the auction.

The Debtor also requests that this Court find that (i) notice of these Motions was appropriate and was properly served in accordance with applicable Bankruptcy Code provisions, the Bankruptcy Rules, and orders of this Court; (ii) the proposed sale of the Purchased Assets is in the best interests of the Debtor and its estate and creditors; (iii) the sale of the Purchased Assets is being proposed and, if approved, will be consummated as provided in Bankruptcy Code Section 363(m); and (iv) the Buyer or the Alternative Bidder, if any, is not an insider or an affiliate of the Debtor.

These Motions are based on these moving papers, the Memorandum in Support of the

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 2

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Motions, the Declaration of Tom Neary (the "Neary Decl."), the record in this case, the arguments and representations of counsel, and any oral or other documentary evidence presented at or prior to the hearing on these Motions. Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Purchase Agreement.

### A. The Auction, Break-Up Fee and Overbid Procedures

1. The sale is subject to overbidding on procedures negotiated with CRAC and the Debtor's Senior Lenders[1] (the "Senior Lenders") subject to Court approval. The procedures for overbids and an auction are set forth in the requested Bid Procedure Order as follows:

   a. Any alternative bidder (each, an "Alternative Bidder" and its bid, and "Alternative Bid") interested in purchasing the Purchased Assets must submit to the Debtor an Alternative Bid in conformity with the following procedures by no later than **12:00 p.m. PDT** on **Monday, October 25, 2010** (the "Alternative Bid Deadline"). Each Alternative Bid must satisfy the following requirements in order to be considered by the Debtor (a "Qualified Alternative Bid"):

   > be in writing and served on the following: (i) Debtor's counsel, K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158, Attn: Michael J. Gearin and Eric Simonson, Tel: (206) 623-7580, Fax: (206) 370-6012; (ii) the Debtor, attn: Dan Goodale, 18250 5th Ave. South, Seattle, WA 98108, Fax: (206) 628-6651; (iii) PNC Business Credit, 2 North Lake Ave., Suite 440, Pasadena, CA 91101, Attn: Mark Tito, Fax: (626) 432-4589; (iv) PNC Business Credit's Counsel, Levy, Small & Lallas, 815 Moraga Drive, Los Angeles, CA 90049, Attn: Leo Plotkin, Fax: (310) 471-7990; (v) CRAC's Counsel, Milbank, Tweed, Hadley & McCloy LLP, attn: Melainie Mansfield, David Zolkin, and Greg Bray, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017, Fax (213) 892-4000; (vi) CRAC's Local Counsel, Graham & Dunn, PC, Pier 70, 2801 Alaskan Way Ste 300, Seattle, WA 98121, Fax (206) 340-9599; (vii) CRAC, attn: Jose E. Feliciano, 233 Wilshire Blvd., Suite 800, Santa Monica, CA 90401, Fax: (310) 400-8801; and (viii) Senior Lender's Local Counsel, Davis Wright Tremaine, LLP, 201 Third Ave., Suite 2200, Seattle, WA 98101. Debtor shall immediately distribute a copy of each such Alternative Bid received to counsel for any Official Committee,

---

[1] PNC Bank National Association, Colonial Pacific Leasing Corporation, and Wells Fargo National Association

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 3

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

if any;

    i. identify the proponent of the Alternative Bid and an individual who is authorized to appear and act on behalf of the party submitting such Alternative Bid (an "Alternative Bidder");

    ii. be a firm, unconditional bid to purchase the Purchased Assets, <u>not</u> subject to any contingencies as to the validity, effectiveness and/or binding nature of the offer, including, without limitation, the conduct of further due diligence review, obtaining financing or receipt of a consent of Manitowoc Crane Group to the assumption and assignment of the Manitowoc Agreement (as defined in the Purchase Agreement);

    iii. be a firm bid, which is in an amount that is equal to or greater than the value of the Total Purchase Price[2] (including a cash portion of such bid of not less than Thirty-One Million Two Hundred Sixty Thousand dollars ($31,260,000)[3], plus additional cash consideration of not less than Five Hundred Thousand Dollars ($500,000);

    iv. be accompanied by sufficient information to demonstrate that the competing bidder has the financial wherewithal and ability to timely consummate the acquisition of the Purchased Assets on terms and conditions substantially the same as this Agreement, including evidence of adequate financing and a financial guaranty, if appropriate;

    v. be accompanied by a signed contract substantially in the form of the Purchase Agreement, and marked to show any changes made to the Purchase Agreement;

    vi. be accompanied by a good-faith cash deposit in an amount equal to at least Seven Million Five Hundred Thousand ($7,500,000), to be deposited with Debtor on or before the Alternative Bid Deadline.

    vii. be open and irrevocable through the conclusion of the Sale Hearing, unless extended by agreement of the parties;

    viii. not contain contingencies greater or conditions to Closing otherwise more restrictive than, or in addition to, what is contained in the Purchase Agreement, after giving effect to any amendments or waivers of such conditions or contingencies which occur prior to entry of the Bid Procedures Order.

---

[2] as defined in Section 1.1 of the Purchase Agreement executed by CRAC (the "Total Purchase Price").

[3] Hereafter referenced as the "Cash Portion."

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 4

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

b. The Debtor will evaluate all bids to determine whether or not they are Qualified Bids and promptly inform CRAC of all Qualified Bids and any information received related to the terms and conditions of such Qualified Bids.

c. If no Qualified Alternative Bid is submitted for the Purchased Assets, then the Debtor will request at the hearing that the Court approve the proposed sale of the Purchased Assets to CRAC pursuant to the Purchase Agreement.

d. If one or more Qualified Alternative Bids are submitted for the Purchased Assets (each bidder or group of bidders who have submitted such a timely conforming Qualified Alternative Bid, together with CRAC, shall be referred to herein as a "Qualified Bidder"), then:

   1) the Debtor will conduct an auction (the "Auction") to consider overbids for the Purchased Assets on **Wednesday, November 3, 2010**, at **11:00 a.m. PDT** at the offices of K&L Gates, LLP, 925 Fourth Ave, Suite 2900, Seattle, WA 98104; and

   2) CRAC shall have the opportunity to increase its offer to a level at least One-Hundred Thousand Dollars ($100,000) in excess of the highest Qualified Alternative Bid to be eligible to become the starting bid at the Auction (a "CRAC Increased Bid"), provided, however, that any such increase by CRAC shall be in cash, and provided further that CRAC shall be entitled to credit bid its Break-Up Fee and the Pre-Auction Expense Reimbursement Amount[4] against the purchase price reflected in such Qualified Alternative Bid; and

---

[4] The Bidding Procedures Order provides that one Business Day in advance of the Auction, Buyer shall file a pleading with the Bankruptcy Court estimating the amount of the fees and costs incurred through such date (i) for which it would seek reimbursement as part of the Expense Reimbursement in the event that it is not the successful bidder at Auction and (ii) that will constitute the portion of its bid that may be credited at Auction on account of the Expense Reimbursement (the "Pre-Auction

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 5

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3) Subject to paragraph 1(d)(2) above, Debtor shall evaluate all Qualified Bids received and shall determine, with the agreement of the Senior Lenders (unless the amount of the Qualified Bid is in excess of the amount necessary to satisfy the obligations owed to the Senior Lenders in full, in which case, in consultation with the Senior Lenders), which Qualified Bid reflects the highest and best offer as the Starting Auction Bid for the Purchased Assets. Debtor shall announce its determination of the Starting Auction Bid at the commencement of the Auction;

e. All bidders shall be deemed to have consented to the core jurisdiction of the Court and to have waived any right to jury trial in connection with any disputes relating to the Auction and/or the sale of the Purchased Assets. All Qualified Bidders shall be bound by their bids until the earlier of (i) such time as a definitive sale agreement (acceptable to the Debtor in its sole discretion) is executed by the prevailing bidder and the Court has entered an order approving the sale to such prevailing bidder, or (ii) November 22, 2010.

f. Only Debtor, any representative of any Official Committee(s), representatives of the Senior Lenders, and Qualified Bidders (and their respective professionals) shall be entitled to attend the Auction, and only Qualified Bidders shall be entitled to make any additional bids ("Subsequent Bids") at the Auction.

g. All Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder shall be fully disclosed to all

---

Expense Reimbursement Amount"); provided, however, that such estimation of the Pre-Auction Expense Reimbursement Amount shall in no way prejudice Buyer's entitlement to the full amount of the Expense Reimbursement or the Break-Up Fee in the event that Buyer is not the successful bidder at Auction, and (ii) its good faith estimate of the amount of fees and costs that it will incur thereafter for which it would expect to seek reimbursement as part of the Expense Reimbursement.

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 6

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

other persons present at the Auction and that all material terms of each bid will be fully disclosed to all other persons present at the Auction throughout the entire Auction.

    h.    At least one Business Day prior to the Auction, Debtor will give all Qualified Bidders and all other persons entitled to attend the Auction a copy of the highest and best Qualified Alternative Bid received and copies of all other Qualified Alternative Bids. In addition, Debtor will inform each Qualified Bidder and each other person entitled to attend the Auction of the identity of all Qualified Bidders that may participate in the Auction.

    i.    Prior to the start of the auction, Debtor may announce at the Auction additional procedural rules that it determines to be reasonable under the circumstances (e.g., the amount of time allotted to make subsequent bids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures.

    j.    At the Auction, bidding shall begin with the amount of the highest Qualified Alternative Bid or CRAC Increased Bid, if applicable (the "Opening Bid"). The first incremental competitive bid at the Auction shall be at least One-Hundred Thousand Dollars ($100,000) over the Opening Bid, and bidding and shall continue in minimum increments of at least One-Hundred Thousand Dollars ($100,000) higher than the previous bid. The order of bidding shall begin with the lowest Qualified Alternative Bid and shall continue in ascending order of each Qualified Alternative Bid, with CRAC being the last party to submit a subsequent bid in the initial round of bidding. Any bid by CRAC shall be subject to a credit in the amount of the Break-Up Fee and the Pre-Auction Expense Reimbursement Amount; <u>provided</u> that CRAC shall remain entitled to recover the Break-Up Fee and Expense Reimbursement in the event it is not the successful bidder at the Auction.

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 7

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

k. To the extent that Debtor receives a Qualified Alternative Bid that does not include the ABL Earn-Out component as defined in Section 1.1 of the Purchase Agreement, then CRAC shall have the opportunity to increase the Total Purchase Price to a level in excess of such Qualified Alternative Bid by (A) eliminating the ABL Earn-Out component, and (B) increasing the Cash Portion of the Total Purchase Price.

l. To the extent that CRAC's bid set forth in the Purchase Agreement is not the Opening Bid, and subject to compliance with the Bid Procedures Order, CRAC shall be entitled to fully modify the terms and components of its bid to compete with the terms of any other competitive Qualified Bid.

m. No bids shall be considered by the Debtor unless a party submitted a Qualified Bid and participates in the Auction.

n No bids shall be considered by the Debtor unless such bid shall provided that the assets to be purchased thereunder consist of all or substantially all of Seller's assets.

o. The Auction shall continue in one or more rounds of bidding and shall conclude after each participating Qualified Bidder has had the opportunity to submit an additional subsequent bid with full knowledge of the then-existing highest bid. Any Qualified Bidder electing not to submit a Subsequent Bid when it is such party's turn to do so will be deemed to have irrevocably withdrawn from the Auction.

p. If Seller, with the agreement of the Senior Lenders (unless the amount of the Qualified Bid is in excess of the amount necessary to satisfy the obligations owed to the Senior Lenders in full, in which case, in consultation with the Senior Lenders), determines the winning bid and either CRAC or a Qualified Bidder believes that its bid was in a higher

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 8

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

amount than the bid selected as the winning bid, the Bankruptcy Court shall determine which is the successful bidder.

q. When determining the winning bid, Debtor shall include the Break-Up Fee (to the extent allowed by the Bankruptcy Court) and the Pre-Auction Expense Reimbursement Amount in CRAC's last bid.

r. If any overbid from an entity other than CRAC is accepted but fails to be consummated, the Debtor shall be obligated to consummate the transaction with CRAC if CRAC's bid is the next highest bid, at CRAC's option, on or before the date that is five (5) Business Days after the date of such failure to consummate (but no later), on the terms of the Purchase Agreement, except for the purchase price, which shall equal the purchase price of the next highest bid that was submitted to Debtor during the Auction; and

s. In the event that Debtor determines in good faith that it has not received a Qualified Bid by the Bid Deadline that is a higher and better bid than the one represented by this Agreement, Debtor shall seek approval of the Purchase Agreement at the Sale Hearing without conducting an Auction and without further motion or adjournment (unless it has received the written consent of CRAC to adjourn the motion).

t. The Successful Bidder's Deposit shall be applied by the Debtor against the Total Purchase Price to be paid by such Person at the closing of the transaction; and, in the event any such Person (whether the Buyer or a Qualified Alternative Bidder) does not consummate the transaction by reason of its breach of the terms of the purchase agreement such Person has entered into or agreed to enter into with the Debtor, such Deposit shall be retained by the Debtor (in the case of the Buyer, subject to the Purchase Agreement). Any party that submits a Deposit but otherwise fails to submit a Qualified Alternative Bid or that submits a Deposit and is not the Successful Bidder for the Purchased Assets shall receive a

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 9

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

refund of such Deposit as soon as practicable after closing of the transaction with the Successful Bidder (or any backup Qualified Bidder).

u. If the Bankruptcy Court approves the sale of substantially all of the Purchased Assets to a Person(s) other than CRAC (an "Alternative Transaction"), the Debtor shall, upon the closing of the Alternative Transaction, pay CRAC, in cash, a break-up fee of $1,500,000 (the "Break-Up Fee") plus an expense reimbursement (the "Expense Reimbursement"), which is a reasonable estimate (and not penalty) of the expenses to be incurred by CRAC in performing its due diligence, negotiating the Purchase Agreement, and attempting to have the Bankruptcy Court approve the sale to CRAC. The Expense Reimbursement and Break-Up fees hall be deemed an administrative claim until paid. The Expense Reimbursement and Break-Up Fee shall be paid on the (1st) Business Day after the closing of an Alternative Transaction.

v. Upon the withdrawal of this Sale Motion by the Debtor or the termination of the Purchase Agreement by CRAC following the material breach of the Purchase Agreement by the Debtor, the Expense Reimbursement and not the Break-Up Fee will be payable to CRAC, provided that (i) CRAC shall be entitled to seek and be granted specific performance of the Purchase Agreement to enable it to purchase the Purchased Assets on the terms contained in the Purchase Agreement, and (ii) in addition, if for any reason (notwithstanding CRAC's right to compel specific performance) the Debtor sells all or substantially all of its assets to another buyer, then the Break-Up Fee shall be payable to CRAC on consummation of such sale.

2. Responses or objections (other than cure objections), if any, to entry of the Sale Order shall be filed with the Bankruptcy Court on or before Friday, October 29, 2010 (the "Sale Objection Deadline"), and served on the following: (i) counsel for Debtor; (ii) counsel for the Official Committee(s) (if any); (iii) counsel for Buyer; (iv) counsel for the Senior Lenders; (v) counsel for

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 10

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the Junior Lenders; and (vi) the UST.  The failure of any objecting Person or other entity to timely file its objection in accordance with the requirements above shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Asset Sale, or Debtor's consummation and performance of the Purchase Agreement (including the transfer of the Purchased Assets and Assumed Executory Contracts and Leases free and clear of all liens, claims, interests, and encumbrances), if authorized by the Court.

3. The Debtor requests that the Court approve the above overbid/auction procedures, Break-Up Fee, and the Expense Reimbursement.

**B.     Assumption and Assignment of Executory Contracts and Leases.**

4. The following procedures (the "Executory Contract Procedures") shall govern the assumption and assignment of Executory Contracts and Leases.[5]

    a. On or prior to the Initial Designation Deadline, CRAC shall use commercially reasonable efforts to designate in writing each Executory Contract that CRAC elects to be assumed and assigned to it (each, a "Initial Assumed Executory Contracts and Lease"), which shall be assumed and assigned to CRAC pursuant to the Sale Order.

    b. Upon receipt of sufficient funds pursuant to sections 2.3(j) and 3.1(b)(vii) of the Purchase Agreement, Debtor shall pay, satisfy or otherwise discharge the obligations with respect to the Cure Costs related to the Initial Assumed Executory Contracts and Leases by the later of (i) the Closing Date, and (ii) such later date as the Bankruptcy Court may order in connection with any order authorizing Seller to assume or reject the Executory Contracts under Section 365 of the Bankruptcy Code (the "Cure Costs Deadline"), and in each instance

---

[5] The Debtor reserves the right to amend the Executory Contract Procedures in accordance to the terms of any purchase agreement signed by the prevailing bidder at the Auction in the event that CRAC is not the prevailing bidder at the Auction.

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 11

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

CRAC shall have no liability therefore (except as expressly set forth in Section 2.3(j) of the Purchase Agreement); provided, however, that the Cure Costs Deadline shall be extended to a date fifteen (15) days following the entry of a Bankruptcy Court order resolving any disputed Cure Costs.

c. After the Initial Designation Deadline, and by no later than the Final Designation Deadline, which shall be the thirtieth (30th) day following the Closing Date, (the "Additional Designation Period"), CRAC shall be entitled to designate any remaining unassumed Executory Contract or Lease that CRAC may want to assume from Debtor and have assigned to it ("Additional Designated Executory Contract") and Debtor shall use its reasonable efforts to seek entry of an Assumption Order with respect any such Additional Designated Executory Contract.

d. With respect to each Additional Designated Executory Contract, and upon receipt of sufficient funds pursuant to Section 2.3(j) and Section 3.1(b)(vii) (which funds, to the extent not allocated out of the Purchase Price pursuant to Section 3.1(b), shall be paid by CRAC to Seller substantially simultaneously with the later of (x) the Closing and (y) the date of the assumption and assignment of such Additional Designated Executory Contracts), Debtor shall pay, satisfy or otherwise discharge all obligations with respect to the Cure Costs related to each Additional Designated Executory Contract to the extent that such expenses have accrued prior to the Closing Date. Such payment shall be made on such date as the Bankruptcy Court may order in connection with any order authorizing Seller to assume or reject such Additional Designated Executory Contract under Section 365 of the Bankruptcy Code.

e. With respect to each Additional Designated Executory Contract, CRAC shall pay, satisfy or otherwise discharge all expenses of administration allowed by the Bankruptcy

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 12

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Court in connection with such Additional Designated Executory Contract to the extent such expenses accrued during the period commencing on the first day following the Closing Date and ending on the date on which such Additional Designated Executory Contract is either (i) designated for rejection in writing by CRAC or (ii) designated by CRAC as an Assumed Executory Contract and assumed by and assigned to CRAC pursuant to an Assumption Order (the "Post-Closing Determination Period"); provided, however, that Debtor shall use commercially reasonable efforts to obtain the entry of an Assumption Order in connection with any Additional Designated Executory Contract by no later than thirty (30) days after the Final Designation Deadline. The Debtor will have no liability for any obligations or indebtedness that may accrue under any Additional Designated Executory Contract during the Post-Closing Determination Period, except for any obligations or indebtedness arising by as a result of Debtor's willful misconduct or gross negligence.

f. From the Effective Date through and including the Final Designation Deadline, Debtor will not reject or allow for the rejection of any Executory Contract unless otherwise agreed to in writing by CRAC. To the extent that an Executory Contract becomes an Additional Designated Executory Contract, Debtor shall not reject or allow for the rejection of such Executory Contract until CRAC designates in writing that such Executory Contract is to be rejected.

g. If, by the Final Designation Deadline, CRAC fails to instruct Debtor in writing to reject an Executory Contract that is not by that date either an Assumed Executory Contract or an Additional Designated Executory Contract, Debtor shall immediately, but in no event more than two (2) Business Days following the Final Designation Deadline, provide written notice of its intention to reject such Executory Contract. CRAC shall have two (2) Business Days from its receipt of such notice to provide Debtor with written notice of its

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 13

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

decision to designate such Executory Contract as an Additional Designated Executory Contract.  If CRAC timely designates such Executory Contract as an Additional Designated Executory Contract, CRAC shall have all those obligations and rights set forth in paragraphs 4(d) and (e) above with respect to such Executory Contract.  If CRAC does not timely so designate such Executory Contract as an Additional Designated Executory Contract, CRAC shall have no obligation or liability on account of such Executory Contract and Debtor shall retain any and all obligations or liabilities in connection therewith; provided that CRAC shall pay, satisfy or otherwise discharge all expenses of administration allowed by the Bankruptcy Court in connection with such Executory Contract for the period commencing on the first day following the Closing Date and ending on the effective date of the rejection of such Executory Contract.

      h.    To the extent the Executory Contract Procedures vary from the Purchase Agreement, the Purchase Agreement shall control.

5.    The procedures for notifying non-Debtor parties to the Assumed Executory Contracts and Leases and resolving possible disputes in connection with the assumption and assignment of such Assumed Executory Contracts and Leases, including but not limited to cure amount disputes, shall be as follows:

      a.    <u>Notice of Objection Deadline</u>:  Within three (3) Business Days after the date this Bidding Procedures Order is entered, the Debtor shall mail or otherwise serve a copy of such Order, together with a copy of the Notice of Debtor's Intent to Assume and Assign Executory Contracts and Unexpired Leases, substantially in the form attached to the Bidding Procedures Order as <u>Exhibit A</u>, by regular mail to all non-Debtor parties (the "<u>Contract</u>

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc.  - 14

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Parties") to the Assumed Executory Contracts and Leases, as well as to all Persons or other entities entitled to notice pursuant to the terms of such Assumed Executory Contracts, notifying all such Persons or entities and Contract Parties of the requirement to file an objection on or before the Cure Objection Deadline (as defined below).

b. After the Auction, the Debtor will provide immediate notice of the identity of the Successful Bidder to the Contract Parties by email, facsimile, or any method reasonably expected to provide notice in a timely manner. For contracts for which CRAC is not the Successful Bidder, the deadline to file an Assumption/Assignment Objection, only, will be the time of hearing.

c. <u>Objections</u>. Any Contract Party wishing to assert that any defaults, conditions, or pecuniary losses under any of the Assumed Executory Contracts as of the Petition Date must be cured or satisfied in order for any such Assumed Executory Contract to be assumed and/or assigned, or objecting to the potential assumption and assignment of such Assumed Executory Contract, shall be required to file and serve an objection (a "<u>Cure Objection</u>"), in writing, setting forth with specificity any and all obligations that the Contract Party asserts must be cured or satisfied and/or any and all objections to the potential assumption and assignment of such Assumed Executory Contract.

d. <u>Cure Objection Deadline</u>: To be considered a timely Cure Objection, on or before October 29, 2010 (the "<u>Cure Objection Deadline</u>"), provided however that in the event a Qualified Bidder, other than CRAC is the Successful Bidder at the auction, objections to the ability of the Successful Bidder to provide adequate assurance of future performance may be filed until the time of the Sale Hearing (the "Adequate Assurance

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 15

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Objection Deadline"). Objections must be filed with the Court and a copy delivered to each of:

>Dan Goodale
>Coast Crane Company
>8250 Fifth Ave., South
>Seattle, WA 98108
>Fax: (206)682-6651
>
>Michael J. Gearin and
>Eric Simonson
>K&L Gates, LLP
>925 Fourth Avenue, Suite 2900
>Seattle, Washington 90104
>Fax: (206) 370-6012
>
>Melainie Mansfield
>Greg Bray
>David Zolkin
>Milbank, Tweed, Hadley & McCloy LLP
>601 South Figueroa Street, 30th Floor
>Los Angeles, CA 90017
>Fax: (213) 629-5063
>
>Mark D. Northrup
>Graham & Dunn, PC
>Pier 70
>2801 Alaskan Way Ste 300
>Seattle, WA 98121-1128
>United States
>Fax: (206) 340-9599

e. <u>Failure to File Cure Objection</u>: Unless a Cure Objection is timely filed and served by a Contract Party to an Assumed Executory Contract by the Cure Objection Deadline, the Court may enter an order authorizing or effecting the assumption and assignment of such Assumed Executory Contract at the Sale Hearing without regard to any objection such party may have.

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 16

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

f. <u>Waiver of Cure Objection</u>: Contract Parties who fail to file and serve Cure Objections as provided above shall be deemed to have waived and released any cure obligations and shall be forever barred and estopped from asserting or claiming against the Debtor, the Buyer or any other Qualified Bidder that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assumed Executory Contract.

g. <u>Cure Objection Hearings</u>: Hearing(s) with respect to Cure Objections, if any, may be held (i) at the Sale Hearing, or at such earlier or later date as the Court may designate, giving effect to the need for certainty and the timing provisions regarding the establishment and satisfaction of applicable cure amounts, as well as the fact that a Successful Bidder other than CRAC may have identified contracts not included in the Assumed Executory Contracts and Leases to include in such party's bid.

Based on the above, and the concurrently filed memorandum, the Debtor respectfully requests that the Court request the relief requested in these Motions, and enter the Bid Procedures Order and Sale Order as proposed. Proposed forms of the orders are attached to these Motions as Exhibits 1 and 2.

DATED this 22nd day of September, 2010.

K&L GATES LLP

By */s/ David C. Neu* _____
   Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143
   Brian L. Lewis, 33560
Attorneys for Coast Crane Company

MOTION FOR ORDER, (i) SCHEDULING A HEARING TO
APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY, etc., -and- MOTION FOR ORDER APPROVING SALE, etc. - 17

K:\2065889\00014\20347_DCN\FOR REAL USE PLEADINGS\20347P25W7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022