Michael J. Gearin, WSBA #20982
David C. Neu, WSBA #33143
Brian L. Lewis, WSBA #33560
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Rm. 7206
Hearing Date: Friday, October 22, 2010
Hearing Time: 11:00 a.m.
Response Date: Monday, October 18, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY,<br><br>                     Debtor. | No. 10-21229<br><br>APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF OPPENHEIMER & CO. INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR FOR DEBTOR |

Coast Crane Company ("Debtor") applies to the Court pursuant to 11 U.S.C. § 327(a) and 328(a) and Local Rule of Bankruptcy Procedure 2014-1 for authority to retain Oppenheimer & Co. Inc. ("OPCO") as financial advisor and investment banker for Coast Crane Company, *nunc pro tunc* to the Petition Date (as defined below), pursuant to Sections 327(a), 328(a) and 1107(b) of title 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Washington (the "Local Rules").

In support of this application, Debtor respectfully represents:

**FACTUAL BACKGROUND**

Debtor is in the business of leasing, selling and servicing tower cranes, forklifts, hoists,

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 1
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

elevators, boom lifts, scissor lifts and other heavy equipment used in commercial construction throughout the world. Debtor is a Delaware corporation with locations throughout the United States and Canada including its headquarters in Seattle. Debtor's business was established in 1970 and has approximately 167 employees, 158 of whom are employed within the United States. Debtor filed a voluntary Chapter 11 petition on September 22, 2010 (the "Petition Date") and has since been operating its business and managing its affairs as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108. Debtor anticipates making a sale of substantially all of its assets pursuant to 11 U.S.C. § 363.

## PROFESSIONAL SERVICES

Debtor has selected OPCO to act as the investment banker and financial advisor to Debtor. The terms of this engagement are set forth in the Engagement Letter (the "Engagement Agreement") attached as <u>Exhibit A</u> to the concurrently filed Declaration of Matthew W. Hudson ("the Hudson Declaration"). Capitalized terms not otherwise defined below shall have the meanings afforded them in the Engagement Agreement. The professional services OPCO expects to render include the following:

    a.    General financial advisory and investment banking services:

        (1)    familiarize itself with the business, operations, properties, financial condition and prospects of Debtor; and

        (2)    if Debtor determines to undertake a Restructuring, Sale and/or Financing (each as defined in the Engagement Agreement), advise and assist Debtor in structuring and effecting the financial aspects of such a transaction or transactions, subject to the terms and conditions of the Engagement Agreement.

    b.    Restructuring services:

        (1)    provide financial advice and assistance to Debtor in developing and seeking approval of a restructuring plan (as the same may be modified from time to time, a "Plan"), which may be a plan under the Bankruptcy Code or otherwise;

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 2
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

  (2) provide financial advice and assistance to Debtor in structuring any new securities to be issued under the Plan;

  (3) assist Debtor and/or participate in negotiations with entities or groups affected by the Plan; and

  (4) participate in hearings before the Bankruptcy Court with respect to the matters upon which OPCO has provided advice, including, as relevant, coordinating with Debtor' counsel with respect to testimony in connection therewith.

 c. Sale services:

  (1) provide financial advice and assistance to Debtor in connection with a sale, identify potential acquirors and, at Debtor' request, contact such potential acquirors;

  (2) assist Debtor in preparing a memorandum to be used in soliciting potential acquirors; and

  (3) assist Debtor and/or participate in negotiations with potential acquirors.

 d. Financing services:

  (1) provide financial advice and assistance to Debtor in structuring and effecting a Financing, and identify potential Investors (as defined in the Engagement Agreement);

  (2) if OPCO and Debtor deem it advisable, assist Debtor in developing and preparing a memorandum to be used in soliciting potential Investors; and

  (3) contact or assist Debtor in contacting, and/or participate in negotiations with, potential Investors.

OPCO will by compensated by Debtor on a fee structure that reflects appropriately the nature and scope of services to be provided by OPCO, OPCO's substantial experience with respect to investment banking and financial advisory services, and the fee structures typically utilized by OPCO and other leading financial advisors that do not bill their clients on an hourly basis. Moreover, the fee structure reflects a balance between a fixed monthly fee and a contingency amount

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 3
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

which are tied to the consummation and closing of the transactions and services contemplated by Debtor and OPCO in the Engagement Agreement. *See* Hudson Declaration, <u>Exhibit A</u>.

The hours worked, the results achieved and the ultimate benefit to Debtor of the work performed by OPCO in connection with this engagement may vary, and OPCO and Debtor have taken this into account in setting the above fees.

Debtor also acknowledges and agrees that the fee structure has been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort has been and will continue to be required of OPCO and its professionals, and in light of the fact that such commitment may foreclose other opportunities for OPCO and that the actual time and commitment required of OPCO and its professionals to perform the required services may vary substantially from week to week or month to month.

Debtor understands that OPCO intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and any of this Court's applicable orders and consistent with the proposed compensation set forth in the Engagement Agreement.

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 4
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Debtor has agreed to indemnify OPCO in accordance with the indemnification provisions set forth in the Engagement Agreement and attachments thereto (collectively, the "Indemnification Provisions"). The Indemnification Provisions are customary for financial advisors such as OPCO for proceedings both out of court and in chapter 11. The Indemnification Provisions were fully negotiated between Debtor and OPCO at arms' length, and Debtor respectfully submits that the Indemnification Provisions, viewed in conjunction with the other terms of OPCO's proposed retention, are reasonable and in the best interests of Debtor, its estate, and its creditors.

Debtor requests that the Indemnification Provisions of the Agreement be approved, subject to the following:

a. subject to the provisions of the subparagraphs below, Debtor is authorized to indemnify, and shall indemnify, OPCO in accordance with the Engagement Agreement, for any claim arising from, related to or in connection with its representation of Debtor;

b. notwithstanding any provision of the Agreement to the contrary, Debtor shall have no obligation to indemnify OPCO, or to provide contribution or reimbursement to OPCO, to the extent any losses, claims, damages or liabilities (or expenses relating thereto) are determined by a final non-appealable judgment by a court of competent jurisdiction to have solely resulted from the gross negligence or willful misconduct of OPCO;

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing this case, OPCO believes that it is entitled to the payment of any amounts by Debtor on account of Debtor's indemnification, contribution and/or reimbursement obligations under the Engagement Agreement, including without limitation, the advancement of defense costs, OPCO must file an application therefore in this Court, and Debtor may not pay any such amount to OPCO before the entry of an order by this Court approving such payment; and

d. in the event OPCO seeks reimbursement for attorneys' fees from Debtor, the invoices and supporting time records from such attorneys shall be annexed to the application for indemnification filed with this Court, and such invoices and time records shall be subject to the U.S. Trustee's guidelines for compensation and reimbursement of expenses and the approval of this Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code.

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 5
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**REQUIRED DISCLOSURES**

**A.     11 U.S.C. § 327.**

Debtor has been advised that, to the best of OPCO's knowledge, other than in connection with this bankruptcy case, OPCO has no connection with, and holds no interests materially adverse to, Debtor, its creditors or any other party in interest, in the matters for which OPCO is to be retained, except as may be described herein or in the Hudson Declaration.

As discussed in further detail in the Hudson Declaration, from time to time, OPCO and one or more of its affiliates may have provided investment banking, financial advisory and/or consulting services to certain creditors and other parties in interest in matters wholly unrelated to this case. OPCO has informed Debtor that, during its retention by Debtor in this case, it will not provide investment banking services to any entity which is a party in interest, in each case in connection with any matters relating to this case. However, given its diverse practice and client base, OPCO and one or more of its affiliates may provide services to clients in matters unrelated to this Chapter 11 case, who are or become creditors of Debtor or who may have interests adverse to Debtor's creditors in unrelated matters.

As further stated in the Hudson Declaration, to the best of Debtor's knowledge, OPCO is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code, and as required under section 327(a) and 328 of the Bankruptcy Code.

**B.     11. U.S.C. § 329(a) and Bankruptcy Rule 2016.**

As set forth in the Hudson Declaration, within the 12 months preceding the Petition Date, OPCO has provided Debtor with professional services rendered in contemplation of or in connection with this matter. The professional services rendered were similar to those set forth above in the description of professional services for which Debtor seeks to employ OPCO. Payment for these services and reimbursement of expenses has been made by Debtor to OPCO in the amount of $506,330.62, including the payment of a $25,000 retainer and $135,000 of fees covering the post-

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 6
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

petition period. The rates and fees charged for such professional services were substantially similar to those described above, and were reasonable in relation to the complexity of the issues, the experience of the professionals providing such services, and the prevailing market rate for such services. The source of the funds to pay such invoices were from Debtor's normal operating budget. OPCO does not have an agreement or understanding concerning the sharing of compensation with any entity outside of the firm receiving compensation.

### C. Local rule 2014-1.

As set forth in the Hudson Declaration, OPCO is not a prepetition creditor of Debtor, and does not claim a security interest in property of the estate to secure its fees. OPCO anticipates being paid from a carveout of funds from a Debtor-in-possession loan facility and from proceeds from sale of Debtor's assets conducted pursuant to 11 U.S.C. § 363.

## RELIEF REQUESTED

Debtor seeks approval to employ OPCO.

Based on the above, Debtor respectfully requests that the Court enter its proposed Order submitted herewith granting this Application.

Dated this 1st day of October, 2010

                          K&L GATES LLP

                          By /s/Michael J. Gearin
                              Michael J. Gearin, WSBA #20982
                              David C. Neu, WSBA #33143
                              Brian L. Lewis, WSBA #33560
                          Attorneys for Coast Crane Company

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT
OF OPPENHEIMER & CO. - 7
K:\2065889\00014\20347_DCN\20347P25XB

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022