Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian L. Lewis, WSBA #33560
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen A. Overstreet
Chapter 11
Hearing Location:  Seattle, Room 7206

**Hearing Date:  Friday, October 8, 2010**
**Hearing Time: 9:30 a.m.**
Response Date:  Thursday, October 7, 2010

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In re:

COAST CRANE COMPANY,

                                    Debtor.

No.    10-21229

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE ASSET PURCHASE AGREEMENT WITH COAST RAINIER ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS; (ii) APPROVING THE FORM AND MANNER OF NOTICE; (iii) APPROVING EXPENSE REIMBURSEMENT; (iv) APPROVING BIDDING PROCEDURES; AND (v) APPROVING PROCEDURES FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

THIS MATTER came before the Court upon the motion (the "Motion")[1] of Coast Crane Company, debtor and debtor-in-possession ("Debtor"), for the entry of two (2) orders:

    (a)    this order (the "Bidding Procedures Order"):

        (i)    approving the form and manner of notice of the Motion;

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Purchase Agreement (as defined below) or the Motion.

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 1

K:\2085889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(ii)    scheduling a hearing to approve the relief requested in the Motion (the "Sale Hearing"), and approving the form and manner of notice of the Sale Hearing;

(iii)   setting a deadline and establishing requirements and procedures for interested parties to submit any competing bids;

(iv)   setting a date for the filing of objections, if any, to the relief requested in the Motion;

(v)    setting deadlines and establishing procedures for objections to assumption and assignment of the Assumed Executory Contracts and determining any applicable cure amounts; and

(vi)   approving the Break-Up Fee and Expense Reimbursement; and

(b)    an order (the "Sale Order"):

(i)    authorizing and approving the Asset Purchase Agreement (the "Purchase Agreement"), by and between the Debtor, as seller, and Coast Rainier Acquisition Company as buyer ("Buyer" or "CRAC"), substantially in the form attached to the Declaration of Tom Neary;

(ii)    authorizing the sale of the Purchased Assets (the "Asset Sale"), which assets are fully described in the Purchase Agreement and the exhibits attached thereto, to Buyer, free and clear of all liens, claims, interests, charges and encumbrances, subject to the terms of the Purchase Agreement, this Bidding Procedures Order and the Sale Order and subject to higher and better offers;

(iii)   authorizing assumption and assignment of the Assumed Executory Contracts and Leases;

(iv)   authorizing Debtor to consummate all transactions related to the above; and

(v)    authorizing relief consistent with the foregoing in connection with an asset purchase agreement between Debtor and any other party submitting a higher and better offer for the Purchased Assets in accordance with the bidding procedures set forth below (collectively, the "Relief Requested") and all as more fully set forth in the Motion;

and it appearing that it is necessary and appropriate to establish bidding procedures to govern the submission of competing bids for the Purchased Assets and for the assumption and assignment of executory contracts; and Debtor having advised the United States Trustee (the "UST"), counsel for

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 2

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Buyer, counsel for any official committee appointed in this case ("Official Committee(s)"), parties identified by Debtor's professionals as currently having expressed interest in purchasing all or substantially all of Debtor's assets and its business or previously has submitted to Debtor a written proposal for the acquisition of Debtor and/or substantially all of its assets together with an executed non-disclosure agreement, all Persons or other entities known by Debtor to have filed a notice of appearance or a request for receipt of notices in Debtor's case as of the date hereof, counsel for the Senior Lenders, and Debtor's twenty largest unsecured creditors, of the presentation hereof, and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND THAT:**

A.      Debtor has articulated good and sufficient reasons for approving (i) the form and manner of notice of the Motion and Sale Hearing, (ii) the proposed bidding procedures, and (iii) the Expense Reimbursement and other bidding protections for Buyer.

B.      Debtor's payment, subject to the terms and conditions of the Purchase Agreement and of this Order, to Buyer of the Expense Reimbursement is (i) an actual and necessary cost and expense of preserving Debtor's estate, within the meaning of § 503(b) of the Bankruptcy Code, (ii) of substantial benefit to Debtor's estate, (iii) reasonable and appropriate considering, among other things, the size and nature of the proposed Asset Sale and the efforts that have been and will be expended by Buyer notwithstanding that the proposed Asset Sale is subject to higher and better offers for the Purchased Assets, and (iv) necessary to ensure that Buyer will continue to pursue its proposed acquisition of the Purchased Assets.

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

C.     The bidding protections afforded Buyer under the Purchase Agreement as modified herein are reasonable and appropriate and represent the best method for maximizing the return for the Purchased Assets.

D.     The procedures with respect to assumption and assignment of the Assumed Executory Contracts and Leases, including objections to assumption and assignment and proposed cure amounts are reasonable and appropriate.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     <u>Sale Hearing</u>.  A hearing to consider entry of the Sale Order, including but not limited to approval of the Asset Sale and the assumption by Debtor and assignment to Buyer of the Assumed Executory Contracts pursuant to the terms of the Purchase Agreement, will be held before the Honorable Karen A. Overstreet, United States Bankruptcy Judge, at 700 Stewart St., Room 7206 Seattle, WA  98101, on the day of November 12, 2010, at 9:30 a.m. (PST), or as soon thereafter as counsel can be heard (the "Sale Hearing").

2.     Notice of Sale Hearing.

(a)  The notice of the Sale Hearing (the "Sale Notice"), substantially in the form attached hereto as Exhibit A, is hereby approved as reasonably calculated to provide creditors and parties in interest with proper notice of the proposed Sale Procedures and Sale; and

(b)  Notice of the Sale Hearing shall be good and sufficient, and no other or further notice shall be required if by Tuesday, October 12, 2010, (i) the Debtor files with the Court and serves through the Court's ECF system under a single or

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 4

K\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

consecutive docket numbers all of the pleadings and documents, including the complete Asset Purchase Agreement and exhibits thereto, necessary to advise a prospective bidder of the terms and conditions of the sale, (ii) the Debtor files with the Court and serves through the Court's ECF system a copy of the Sale Notice on all parties appearing electronically in this case, including without limitation, the United States Trustee, (ii) the Debtor serves by first-class mail, postage prepaid, or other method reasonably calculated to provide notice, a copy of the Sale Notice on each person identified on the master mailing list kept by the clerk of the Court in this Case pursuant to Local Bankruptcy Rule 2002-1(a), including without limitation all known creditors of the Debtor and all persons requesting special notice pursuant to Bankruptcy Rule 2002(i) (provided, however, that the Debtor shall not be required to separately mail copies of the Sale Notice to any party that receives electronic notice through the Court's ECF system), and (iii) the Debtor serves by first-class mail, postage prepaid, or other method reasonably calculated to provide notice, copies of (x) this Bidding Procedures Order, and (iv) the Motion and all pleadings filed by the Debtor in support of the Motion, on all parties known to the Debtor (and its professionals) to currently have expressed interest in purchasing all or substantially all of Debtor's assets and its business or previously to have submitted to Debtor a written proposal for the acquisition of Debtor and/or substantially all of its assets together with an executed non-disclosure agreement ("Interested Persons").

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 5

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

3.     Objections to Entry of Sale Order.  Responses or objections (other than cure objections), if any, to entry of the Sale Order shall be filed with the Bankruptcy Court, 700 Stewart St., Seattle, WA 98101 on or before Wednesday, November 10, 2010 (the "Sale Objection Deadline"), and served on counsel for Debtor, Michael J. Gearin, K&L Gates, LLP, 925 4th Ave., Suite 2900, Seattle, WA 98104.  The failure of any objecting Person or other entity to timely file its objection in accordance with the requirements above shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Asset Sale, or Debtor's consummation and performance of the Purchase Agreement (including the transfer of the Purchased Assets and Assumed Executory Contracts and Leases free and clear of all liens, claims, interests, and encumbrances), if authorized by the Court.

4.     Bidding Procedures; Auction.  The following terms and procedures are hereby approved and shall govern the submission of competing bids for the Purchased Assets:

(a)     Access to Diligence Materials.  Any Interested Person that expresses renewed interest in the Debtor and participating in the Auction, and that executes (or has previously executed) a confidentiality agreement with the Debtor, shall be given access to all due diligence materials previously made available to Buyer or its affiliates in advance of the Auction, or to such due diligence as such Interested Person may reasonably request plus reasonable access to the Debtor's officers and employees, or as ordered by the Court.

(b)     On or before October, 15, 2010, Buyer shall file with the Bankruptcy Court and serve on the Debtor, the Official Committee, the Senior Lenders and the Junior Lender, (collectively, the "Expense Reimbursement Notice Parties") a

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 6

K\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

declaration (the "Expense Reimbursement Report") setting-forth the amount of the fees and costs incurred through such date (i) for which it would seek reimbursement as part of the Expense Reimbursement in the event that it is not the successful bidder at Auction and (ii) that, unless the Bankruptcy Court otherwise holds, will constitute the portion of its bid that may be credited at Auction as a component of the Purchase Price on account of the Expense Reimbursement (the "Pre-Auction Expense Reimbursement Amount"); provided, however, that such estimation of the Pre-Auction Expense Reimbursement Amount shall in no way prejudice Buyer's entitlement to the full amount of the Expense Reimbursement pursuant to Paragraph 6 herein. The Expense Reimbursement Report, in addition to setting forth the Pre-Auction Expense Reimbursement Amount, shall generally describe, by category and in reasonable detail, the fees and costs that comprise the Pre-Auction Expense Reimbursement Amount. Any objection to the Pre-Auction Expense Reimbursement Amount must be filed with the Court and served upon Buyer and the Debtor no later than seven (7) days after it has been served. If an objection is not timely filed and served, then the Pre-Auction Expense Reimbursement Amount will be will be allowed to the extent that Buyer becomes entitled to the Expense Reimbursement in accordance with the Purchase Agreement, without prejudice to Buyer subsequently requesting reimbursement of additional Expense Reimbursement amounts. If an objection is timely filed and served, the Debtor shall obtain a hearing date in

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 7

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

advance of the Auction at which the Court will hear and rule upon the objection, unless such objection is otherwise consensually resolved by Buyer and the objecting party.

(c) On or before October 15, 2010, the Debtor will file a statement setting forth, in reasonable detail, its calculation as to the estimated amount of the Total Purchase Price under Section 1.1 of the Purchase Agreement (the "Purchase Price Calculation"). On or before October 25, 2010, the Debtor will file an updated Purchase Price Calculation.

(d) <u>Alternative Bid Deadline</u>. For an alternative bid (from a party other than Buyer) for the Purchased Assets ("<u>Alternative Bid</u>") to be considered, it must be received not later than **12:00 p.m. PDT** on **Monday, November 1, 2010** (the "<u>Alternative Bid Deadline</u>") by:

Michael J. Gearin and
Eric Simonson
K&L Gates, LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 90104
Fax: (206) 370-6012

(e) Debtor's counsel shall, by end of business November 1, 2010, distribute a copy of each such Alternative Bid received to:

Dan Goodale
Coast Crane Company
8250 Fifth Ave., South
Seattle, WA 98108
Fax: (206)682-6651

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 8

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

And to:

Leo Plotkin
Levy, Small & Lallas
815 Moraga Drive
Los Angeles, CA  90049
Fax: (310) 471-7990

And to:

Mark Tito
PNC Business Credit
2 North Lake Ave., Suite 440
Pasadena, CA  91101
Fax: (626) 432-4589

And to:

Ragan Powers
Hugh McCullough
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101

And to:

Gayle E. Bush
Christine M. Tobin-Presser
Armand J. Kornfeld

Bush Strout & Kornfeld
601 Union Street
Suite 5000
Seattle, WA,  98101

And to:

Jack J. Cullen
Foster Pepper, PLLC
1111 3rd Ave Ste 3400
Seattle, WA  98101-3299
United States
Fax: (206) 749-2001

And to:

Scott L. Alberino

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Fax: (202) 887-4288

    (f)    <u>Qualified Alternative Bid</u>.  Debtor will consider an Alternative Bid only if the Alternative Bid is a "<u>Qualified Alternative Bid</u>."  To be a Qualified Alternative Bid, the Alternative Bid must be in writing, and:

    (i)  identify the proponent of the Alternative Bid and an individual who is authorized to appear and act on behalf of the party submitting such Alternative Bid (an "<u>Alternative Bidder</u>");

    (ii)  be a firm, unconditional bid to purchase the Purchased Assets, subject only to the same contingencies and conditions as provided-for in the Purchase Agreement;, subject to paragraph 4(k)(iv) below;

    (iii)  be a bid, which is in a total amount that is equal to or greater than the sum of (i) the Cash Portion of the Purchase Price, plus (ii) the Expense Reimbursement, plus (iii) the Assumed Liabilities, plus (iv) additional cash consideration of not less than Five Hundred Thousand Dollars ($500,000), and (v) minus an amount equal to the Yield Enhancement Fee, provided, however that the cash portion of such bid shall be no less than the Cash Portion of the Purchase Price less the Yield Enhancement Fee (Thirty Million Three Hundred Thousand dollars) plus additional cash consideration of $500,000, further provided, however, that a Qualified Alternative Bid is not required to include the ABL Earn-Out Amount and the ABL Earn-Out Amount shall be valued at $0.00 for the purpose of evaluating all bids.

    (iv)  contain no less favorable treatment for Trade Creditors than is provided in Paragraph 2.3(h) of the Purchase Agreement, including the requirement that Trade Creditors will be paid on the later of December 2, 2010 or days after Closing, subject to resolution by the Bankruptcy Court of any disputes between the Debtor, the Official Committee and any other party with respect to the allowance of any claim under 503(b)(9) or the amount due with respect to any Contract Cure amounts set forth in Schedule 2.3(h), which is referenced in Paragraph 2.3(h) of the Purchase Agreement.

    (v)  be accompanied by sufficient information to demonstrate that the competing bidder has the financial wherewithal and ability to timely consummate the acquisition of the Purchased Assets on terms and

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 10

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

conditions substantially the same as the Purchase Agreement, including evidence of adequate financing and a financial guaranty, if appropriate;

   (vi) be accompanied by a signed contract substantially in the form of the Purchase Agreement, and marked to show any changes made to the Purchase Agreement; and

   (vii) be accompanied by a good-faith cash deposit in an amount equal to at least Seven Million Five Hundred Thousand ($7,500,000), to be deposited with Debtor on or before the Alternative Bid Deadline;.

(f)    CRAC shall provide a good-faith cash deposit in an amount equal to at least Seven Million Five Hundred Thousand dollars ($7,500,000), to be deposited with Debtor on or before the Alternative Bid Deadline.

(g)    The Debtor, in consultation with the Senior Lenders, Junior Lender, and Official Committee, and their respective professionals, will evaluate all Alternative Bids to determine whether or not they are Qualified Alternative Bids and promptly inform CRAC and all other bidders of all Qualified Alternative Bids and any information received related to the terms and conditions of such Qualified Alternative Bids.

(h)    If the Debtor, in consultation with Senior Lenders, the Junior Lender and the Official Committee, determines that an Alternative Bid is not a Qualified Alternative Bid, the Debtor shall so notify such Alternative Bidder as soon as reasonably practicable, but in no event later than November 3, 2010, and allow the Alternative Bidder to correct the Alternative Bid notwithstanding the expiration of the Alternative Bid Deadline. Any Alternative Bidder that is notified by the Debtor that its initial Alternative Bid is deficient is permitted to submit a second Alternative Bid so as to be received by the Debtor no later than November 5, 2010 at 12:00 p.m. (PDT). To the extent there are any disputes regarding whether a bid is a Qualified Alternative Bid, the Court will resolve all such disputes at 1:30 p.m. on November 5, 2010.

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 11

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(i)     If no Qualified Alternative Bid is submitted for the Purchased Assets, then the Debtor will request at the hearing that the Court approve the proposed sale of the Purchased Assets to CRAC pursuant to the Purchase Agreement.

(j)     <u>Auction, Bidding Increments, and Bids Remaining Open</u>.  If Debtor receives a Qualified Alternative Bid, then:

<u>(i)</u>     Debtor shall conduct an auction (the "Auction") at the offices of K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104, on November 8, 2010, beginning at 11:00 a.m. (PDT) or such later time and/or other place as Debtor shall notify the Buyer and all Alternative Bidders who have submitted Qualified Alternative Bids (such Persons, as well as Buyer, are referred to collectively herein as "Qualified Bidders" and each as a "Qualified Bidder" and their bid, a "Qualified Bid") and all other persons permitted to attend the Auction pursuant to this Order; and

<u>(ii)</u>    Debtor shall evaluate all Qualified Bids received and shall determine, in consultation with Senior Lenders, the Junior Lender and the Official Committee which Qualified Bid reflects the highest and best offer as the starting auction bid  (the "Opening Bid") for the Purchased Assets., provided, however, that neither the Senior Lenders, Junior Lender, or Committee, during the Auction, may communicate, any information learned in consultation with the Debtor to any bidders without the prior consent of the Debtor.

(k)     Additional Auction Procedures.  At the Auction, the following procedures will apply:

(i)     Only Debtor, a representative of any Official Committee(s) a financial advisor for such Official Committee, representatives of the Senior Lenders, representatives of the Junior Lender. and Qualified Bidders (and their respective professionals) shall be entitled to attend the Auction, and only Qualified Bidders shall be entitled to make any additional bids ("<u>Subsequent Bids</u>") at the Auction.

(ii)    All Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each Qualified Bidder shall be fully disclosed to all other persons present at the Auction and that all material terms of each bid will be fully disclosed to all other persons present at the Auction throughout the entire Auction.

(iii)   No later than one Business Day prior to the Auction, Debtor will give all Qualified Bidders and all other persons entitled to attend the Auction a copy of the highest and best Qualified Alternative Bid received and copies of all other Qualified Alternative Bids.  In addition, Debtor will inform

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

each Qualified Bidder and each other person entitled to attend the Auction of the identity of all Qualified Bidders that may participate in the Auction.

(iv) As of the date of the Auction, no Qualified Bid, including that of CRAC, shall have any financing contingency that has not been waived or satisfied.

(v) Prior to the start of the auction, after consultation with the Senior Lenders, the Junior Lender and the Official Committee, Debtor may announce at the Auction additional procedural rules that it determines to be reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures.

(vi) At the Auction, bidding shall begin with the amount of the Opening Bid. The first incremental competitive bid at the Auction shall be at least One-Hundred Thousand Dollars ($100,000) over the Opening Bid, and bidding and shall continue in minimum increments of at least One-Hundred Thousand Dollars ($100,000) higher than the previous bid. The order of bidding shall begin with the lowest Qualified Bid and shall continue in ascending order of each Qualified Bid. Any bid by CRAC shall be entitled to a credit in the amount of the Pre-Auction Expense Reimbursement Amount in an amount not to exceed $1,000,000; provided that CRAC shall remain entitled to recover the Expense Reimbursement in the event it is not the successful bidder at the Auction.

(vii) The Auction shall continue in one or more rounds of bidding and shall conclude after each participating Qualified Bidder has had the opportunity to submit an additional subsequent bid with full knowledge of the then-existing highest bid.

(viii) No bids shall be considered by the Debtor unless a party submitted a Qualified Bid and participates in the Auction, provided, however, that this Order shall be subject to resolution of secured creditor credit bid rights to be determined at a hearing now scheduled for October 22, 2010.

(ix) No bids shall be considered by the Debtor unless such bid provides that the assets to be purchased thereunder consist of all or substantially all of Seller's assets.

(x) If Seller, after consultation with the Senior Lenders, the Junior Lender and the Official Committee, determines the winning bid (the "Successful Bid" and the proponent thereof, the "Successful Bidder") and CRAC, the Senior Lender, the Junior Lender, the Committee and/or any Qualified Bidder believes that its own or another bid was in a higher amount than the bid selected as the winning bid, CRAC, the Committee, the Qualified Bidder, Senior Lenders, and/or Junior Lender shall be entitled to file an objection prior to midnight on November 10, 2010 and the Bankruptcy Court shall determine which is the successful bidder at the Sale Hearing.

(xi) When determining the winning bid, Debtor shall include the Pre-Auction

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

Expense Reimbursement Amount in CRAC's last bid, provided however, that the Pre-Auction Expense Reimbursement has not already been included as a component of CRAC's initial bid..

(xii)   At the conclusion of the Auction, the Debtor will request that the next highest or best Qualified bid (the "Back-Up Bid" and, such bidder, the "Back-Up Bidder") hold its bid open until twenty-days following the entry of the Sale Order. If such bidder declines, the next highest or best Qualified bid may elect to be the Back-Up Bidder and so-on until a Back-Up Bidder is identified. If, following the approval of the Sale to the Successful Bidder, such sale fails to be consummated, then the Back-Up Bidder will be deemed to be the Successful Bid and the Debtor will be obligated to effectuate an Asset Sale to the Back-Up Bidder subject to the terms of the Back-Up Bid without further order of the Bankruptcy Court. The Back-Up Bid shall remain open until twenty (20) calendar days following entry of the Sale Order (the "Back-Up Bid Expiration Date"). All Qualified Bids (other than the Successful Bid and the Back-Up Bid) shall be deemed rejected by the Debtor on and as of the date of entry of the Sale Order by the Bankruptcy Court.

(xiii)  The Deposit of any Back-Up Bidder shall be retained by the Debtor until the Back-Up Bid Expiration Date and returned to the Back-Up Bidder within five (5) business days thereafter or, if the Back-Up Bid becomes the Successful Bid, shall be applied to the purchase price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid. The Deposits of Qualified Bidders not selected as either the Successful Bidder or Back-Up Bidder (including CRAC) shall be returned to such bidders within five (5) business days of the date of the conclusion of the Auction. The Deposit of the Successful Bidder will be applied in accordance with the terms of the Successful Bid, and will become nonrefundable upon entry of the Sale Order.

(xiv)   In the event that Debtor, after consultation with the Senior Lenders, Junior Lender, and the Committee, determines in good faith and in accordance with this Bidding Procedures Order that it has not received a Qualified Alternative Bid by the Bid Deadline that is a higher and better bid than the one represented by the Purchase Agreement, Debtor shall seek approval of the Purchase Agreement at the Sale Hearing without conducting an Auction and without further motion or adjournment (unless it has received the written consent of CRAC to adjourn the motion) provided, however, that the Senior Lenders, Junior Lender and/or the Committee shall be entitled to object to the Debtor's determination that it has not received a Qualified Bid and such objection shall be resolved as part of the Sale Hearing..

(xv)    The Successful Bidder's Deposit shall be applied by the Debtor against the Cash Portion of the Total Purchase Price to be paid by such Person at the closing of the transaction; and, in the event any such Person (whether the Buyer or a Qualified Alternative Bidder) does not consummate the transaction by reason of its breach of the terms of the purchase agreement

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

such Person has entered into or agreed to enter into with the Debtor, such Deposit shall be retained by the Debtor as liquidated damaged and such Successful Bidder shall have no further liability for its failure to close. Except as provided in subparagraph (xiii) above, any party that submits a Deposit but otherwise fails to submit a Qualified Alternative Bid or that submits a Deposit and is not the Successful Bidder for the Purchased Assets shall receive a refund of such Deposit within five (5) business days of the date of the conclusion of the Auction.

6.    Approval of Expense Reimbursement.  The Expense Reimbursement is hereby approved on the terms and conditions set forth in the Purchase Agreement except as set-forth herein. The Expense Reimbursement shall be limited to the lesser of (i) $1,000,000, and (ii) an amount equal to Buyer's expenses incurred in connection with the transaction contemplated by the Purchase Agreement, including, without limitation, documentation, negotiation and  effectuation of the sale transaction (including all approvals and other requirements attendant to the bankruptcy process but excluding financing-related costs), as well as expenses relating to due diligence, provided, however, that Buyer may seek approval of an Expense Reimbursement in excess of $1,000,000 on motion to the Court, provided further that, the Expense Reimbursement shall only be payable if (i) an Alternative Transaction is consummated, from the proceeds of such Alternative Transaction (with the amount payable from the proceeds of such Alternative Transaction being no greater than $750,000 except as otherwise ordered by the Court) or (ii) the Debtor withdraws the Sale Motion or the Purchase Agreement is terminated by Buyer as a result of the Debtor's breach of the Purchase Agreement, upon application by CRAC for allowance of such Expense Reimbursement as an administrative priority claim under section 503 of the Bankruptcy Code.  The Buyer shall be required to apply the $250,000 advance payment received from the Debtor prior to the Petition Date towards the satisfaction of the Expense Reimbursement as permitted herein.

For the avoidance of doubt, if the Expense Reimbursement is payable as a result of the Court's approval of the Asset Sale to a Qualified Bidder (other than Buyer), then the Expense Reimbursement shall be payable to CRAC at the closing of such Alternative Transaction, on a first

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

priority basis, out of the proceeds paid to Debtor on account of such Alternative Transaction, whether implemented pursuant to 11 U.S.C. § 363 or through any plan of reorganization or liquidation filed in this bankruptcy case. No liens or security interests shall attach to the Expense Reimbursement. CRAC shall be entitled to seek specific performance of the Purchase Agreement to enable it to purchase the Purchased Assets on the terms contained in the Purchase Agreement and all parties in interest that have standing shall be entitled to challenge the granting of such relief.

       7.    <u>Assumption and Assignment of Executory Contracts and Leases</u>.

The Executory Contract Procedures are approved as follows:

       a.    On or prior to the Initial Designation Deadline, CRAC shall use commercially reasonable efforts to designate in writing each Executory Contract that CRAC elects to be assumed and assigned to it (each, a "Initial Assumed Executory Contracts and Lease"), which shall be assumed and assigned to CRAC pursuant to the Sale Order.

       b.    Upon receipt of sufficient funds pursuant to sections 2.3(j) and 3.1(b)(vii) of the Purchase Agreement, Debtor shall pay, satisfy or otherwise discharge the obligations with respect to the Cure Costs related to the Initial Assumed Executory Contracts and Leases by the later of (i) the Closing Date, and (ii) such later date as the Bankruptcy Court may order in connection with any order authorizing Seller to assume or reject the Executory Contracts under Section 365 of the Bankruptcy Code (the "<u>Cure Costs Deadline</u>"), and in each instance CRAC shall have no liability therefore (except as expressly set forth in <u>Section 2.3(j)</u> of the Purchase Agreement); provided, however, that the Cure Costs Deadline shall be extended to a date fifteen (15) days following the entry of a Bankruptcy Court order resolving any disputed Cure Costs.

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 16

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

c.       After the Initial Designation Deadline, and by no later than the Final Designation Deadline, which shall be the thirtieth (30th) day following the Closing Date, (the "Additional Designation Period"), CRAC shall be entitled to designate any remaining unassumed Executory Contract or Lease that CRAC may want to assume from Debtor and have assigned to it ("Additional Designated Executory Contract") and Debtor shall use its reasonable efforts to seek entry of an Assumption Order with respect any such Additional Designated Executory Contract.

d.       With respect to each Additional Designated Executory Contract, and upon receipt of sufficient funds pursuant to Section 2.3(j) and Section 3.1(b)(vii) (which funds, to the extent not allocated out of the Purchase Price pursuant to Section 3.1(b), shall be paid by CRAC to Seller substantially simultaneously with the later of (x) the Closing and (y) the date of the assumption and assignment of such Additional Designated Executory Contracts), Debtor shall pay, satisfy or otherwise discharge all obligations with respect to the Cure Costs related to each Additional Designated Executory Contract to the extent that such expenses have accrued prior to the Closing Date.  Such payment shall be made on such date as the Bankruptcy Court may order in connection with any order authorizing Seller to assume or reject such Additional Designated Executory Contract under Section 365 of the Bankruptcy Code.

e.       With respect to each Additional Designated Executory Contract, CRAC shall pay, satisfy or otherwise discharge all expenses of administration allowed by the Bankruptcy Court in connection with such Additional Designated Executory Contract to the extent such expenses accrued during the period commencing on the first day following the Closing Date and ending on the date on which such Additional Designated Executory Contract is either (i) designated for rejection in writing by CRAC or (ii) designated by CRAC as an Assumed Executory Contract and assumed by and assigned to CRAC pursuant to an Assumption Order

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 17

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

(the "Post-Closing Determination Period"); provided, however, that Debtor shall use commercially reasonable efforts to obtain the entry of an Assumption Order in connection with any Additional Designated Executory Contract by no later than thirty (30) days after the Final Designation Deadline. The Debtor will have no liability for any obligations or indebtedness that may accrue under any Additional Designated Executory Contract during the Post-Closing Determination Period, except for any obligations or indebtedness arising by as a result of Debtor's willful misconduct or gross negligence.

f.       From the Effective Date through and including the Final Designation Deadline, Debtor will not reject or allow for the rejection of any Executory Contract unless otherwise agreed to in writing by CRAC. To the extent that an Executory Contract becomes an Additional Designated Executory Contract, Debtor shall not reject or allow for the rejection of such Executory Contract until CRAC designates in writing that such Executory Contract is to be rejected.

g.       If, by the Final Designation Deadline, CRAC fails to instruct Debtor in writing to reject an Executory Contract that is not by that date either an Assumed Executory Contract or an Additional Designated Executory Contract, Debtor shall immediately, but in no event more than two (2) Business Days following the Final Designation Deadline, provide written notice of its intention to reject such Executory Contract. CRAC shall have two (2) Business Days from its receipt of such notice to provide Debtor with written notice of its decision to designate such Executory Contract as an Additional Designated Executory Contract. If CRAC timely designates such Executory Contract as an Additional Designated Executory Contract, CRAC shall have all those obligations and rights set forth in paragraphs 4(d) and (e) above with respect to such Executory Contract. If CRAC does not timely so designate

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

such Executory Contract as an Additional Designated Executory Contract, CRAC shall have

no obligation or liability on account of such Executory Contract and Debtor shall retain any

and all obligations or liabilities in connection therewith; provided that CRAC shall pay,

satisfy or otherwise discharge all expenses of administration allowed by the Bankruptcy

Court in connection with such Executory Contract for the period commencing on the first day

following the Closing Date and ending on the effective date of the rejection of such

Executory Contract, so long as Debtor (i) files with the Bankruptcy Court its rejection of

such Executory Contract within six (6) Business Days following the Final Designation

Deadline and (ii) requests the earliest possible hearing date available with the Bankruptcy

Court to finalize such rejection(s).

     h.    The Debtor shall have the right to amend the Executory Contract Procedures

in accordance to the terms of any purchase agreement signed by the prevailing bidder at the Auction

in the event that CRAC is not the prevailing bidder at the Auction.

     8.    <u>Assumption and Assignment of Executory Contracts and Leases</u>.  The procedures for

notifying non-Debtor parties to the Assumed Executory Contracts and Leases and resolving possible

disputes in connection with the assumption and assignment of such Assumed Executory Contracts

and Leases, including but not limited to cure amount disputes, shall be as follows:

     (a)    <u>Notice of Objection Deadline</u>:  Within three (3) Business Day after the date

        this Bidding Procedures Order is entered, the Debtor shall mail or otherwise

        serve a copy of such Order, together with a copy of the Notice of Debtor's

        Intent to Assume and Assign Executory Contracts and Unexpired Leases,

        substantially in the form attached hereto as Exhibit B, by regular mail to all

        non-Debtor parties (the "<u>Contract Parties</u>") to the Assumed Executory

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

Contracts and Leases, as well as to all Persons or other entities entitled to notice pursuant to the terms of such Assumed Executory Contracts, notifying all such Persons or entities and Contract Parties of the requirement to file an objection on or before the Cure Objection Deadline (as defined below).

(b) After the Auction, the Debtor will provide immediate notice of the identity of the Successful Bidder to the Contract Parties by email, facsimile, or any method reasonably expected to provide notice in a timely manner. For contracts for which CRAC is not the Successful Bidder, the deadline to file an Assumption/Assignment Objection, only, will be the time of the Sale Hearing.

(c) <u>Objections</u>. Any Contract Party wishing to assert that any defaults, conditions, or pecuniary losses under any of the Assumed Executory Contracts as of the Petition Date must be cured or satisfied in order for any such Assumed Executory Contract to be assumed and/or assigned, other than those identified in the Cure Amount, shall be required to file and serve an objection (a "<u>Cure Objection</u>"), in writing, setting forth with specificity any and all obligations that the Contract Party asserts must be cured or satisfied. Any party objecting to the potential assumption and assignment of such Assumed Executory Contract, shall likewise be required to file and serve an objection (an "<u>Assumption/Assignment Objection</u>") setting forth with specificity any and all objections to the potential assumption and assignment of such Assumed Executory Contract.

(d) <u>Cure Objection or Assumption/Assignment Deadline</u>: Each objection, to be considered a timely Cure Objection or Assumption/Assignment Objection, must be filed and served on or before November 8, 2010 (the

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 20

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

"Cure/Assignment Objection Deadline"), provided that if a Qualified Bidder,

other than CRAC, is the successful buyer at the auction (the "Successful

Bidder"), the deadline for filing Assumption/Assignment Objections shall be

extended until the Sale Hearing.  Any such extension does not apply to the

deadline for filing Cure Objections, which shall remain November 8, 2010,

whether or not CRAC is the successful bidder.  Any Cure Objection and/or

Assumption/Assignment Objection must be filed with the Court, 700 Stewart

Street, Seattle, WA, 98101 and a copy delivered to :

Michael J. Gearin and
Eric Simonson
K&L Gates, LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 90104
Fax:  (206) 370-6012

Debtor's counsel shall distribute a copy of such objection to:

Dan Goodale
Coast Crane Company
8250 Fifth Ave., South
Seattle, WA 98108
Fax:  (206)682-6651

And to:

Melanie Mansfield
Gregory Bray
David Zolkin
Milbank, Tweed, Hadley & McCloy LLP
601 South Figueroa Street, 30th Floor
Los Angeles, CA  90017
Fax: (213) 629-5063

And to:

Mark D. Northrup
Graham & Dunn, PC
Pier 70
2801 Alaskan Way Ste 300

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 21

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Seattle, WA 98121-1128
United States
Fax: (206) 340-9599


And to:

Jose E. Feliciano
Clearlake Capital Partners
233 Wilshire Blvd., Suite 800
Santa Monica, CA 90401
(310) 400-8801

And to:

Leo Plotkin
Levy, Small & Lallas
815 Moraga Drive
Los Angeles, CA 90049
Fax: (310) 471-7990

And to:

Mark Tito
PNC Business Credit
2 North Lake Ave., Suite 440
Pasadena, CA 91101
Fax: (626) 432-4589

And to:

Ragan Powers
Hugh McCullough
David Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, Washington 98101

And to:

Gayle E. Bush
Bush Strout & Kornfeld
601 Union Street
Suite 5000
Seattle, WA, 98101

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 22

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

And to:

Jack J. Cullen
Foster Pepper, PLLC
1111 3rd Ave Ste 3400
Seattle, WA 98101-3299
United States
Fax: (206) 749-2001

And to:

Scott L. Alberino
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Fax: (202) 887-4288

    (e)    <u>Failure to File Cure Objection and/or Assumption/Assignment Objection</u>:

Unless a Cure Objection and/or Assumption/Assignment Objection is timely

filed and served by a Contract Party to an Assumed Executory Contract or

Lease by the Cure Objection Deadline and/or Assumption/Assignment

Deadline, the Court may enter an order authorizing or effecting the

assumption and assignment of such Assumed Executory Contract or Lease at

the Sale Hearing without regard to any objection such party may have.

    (f)    <u>Waiver of Cure Objection</u>:  Contract Parties who fail to file and serve Cure

Objections as provided above shall be deemed to have waived and released

any objection to the amount of the cure proposed by the Debtor and shall be

forever barred and estopped from asserting or claiming against the Debtor, the

Buyer or any other Qualified Bidder that any additional amounts are due or

defaults exist, or conditions to assignment must be satisfied, under such

Assumed Executory Contract.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

(g) <u>Objection Hearings</u>: Hearing(s) with respect to Cure Objections and or Assumption/Assignment Objections, if any, may be held at the Sale Hearing, or at such other date as the Court may designate, giving effect to the need for certainty and the timing provisions regarding the establishment and satisfaction of applicable cure amounts as set forth in the Purchase Agreement, as well as the fact that a Successful Bidder other than Buyer may have identified contracts not included in the Assumed Executory Contracts to include in such party's bid. If the subject Assumed Executory Contract is assumed and assigned prior to resolution of the cure amount, the liquidated cure amount timely asserted by the objecting party, if any (or such lower amount as may be fixed by the Court), shall be deposited by the Debtor into a segregated account pending further order of the Court or agreement of the parties.

8. <u>Sale Hearing Adjournment</u>. Subject to Buyer's consent rights under the Purchase Agreement, the Sale Hearing may be adjourned, from time to time, without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open Court or on the Court's calendar on the date scheduled for the Sale Hearing.

9. <u>Expenditures</u>. Debtor is hereby authorized to take such steps and incur and pay such expenditures as may be necessary or appropriate to effectuate the terms of this Bidding Procedures Order, subject to any limitations on the use of cash collateral and the proceeds of post-petition credit facilities imposed by applicable law, the agreements to which the Debtor is a party, or other orders

\\\

\\\

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 24

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1 | of this Court.

2 |     DATED this ____ day of October, 2010.

3

4 | *Karen A. Overstreet*
**United States Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

5 | Presented by:

6 | K&L Gates, LLP

7 | By */s/ Michael J. Gearin*

8 |    Michael J. Gearin, WSBA # 20982
   David C. Neu, WSBA #33143

9 |    Brian L. Lewis, WSBA #33560
Attorneys for Coast Crane Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 25

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**EXHIBIT A**
**TO BIDDING PROCEDURES ORDER**
*FORM OF*
**NOTICE OF SALE HEARING**

TO:        Affected Parties
AND TO:    The Court of the Clerk
AND TO:    The United States Trustee,
AND TO:    Other Parties Entitled to Notice

PLEASE TAKE NOTICE that a hearing has been scheduled on **November 12, at 9:30 A.M. (PDT)** before the Honorable Karen A. Overstreet, United States Bankruptcy Judge, in Courtroom 7206, 700 Stewart Street, Seattle, WA, 98101 on the Debtor's Motion for Order Approving the Sale of Substantially All of The Debtor's Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances; Approving the Assumption and Assignment by the Debtor to Buyer of Certain of the Debtor's Executory Contracts; and Granting Other Relief (the "Sale Motion" and "Sale Order," respectively).

By the Sale Motion, the Debtor requests that the Court enter an order authorizing the sale of substantially all of the Debtor's assets and business (the "Assets") more particularly identified in the Purchase Agreement (defined in the Sale Motion), free and clear of all liens, claims, and encumbrances to either: (1) Coast Rainier Acquisition Company ("CRAC"), or (2) an Alternative Bidder (defined in the Sale Motion). The Debtor also seeks Court approval of the assumption and assignment of certain executory contracts (the "Executory Contracts"), which will be transferred to the successful bidder at the auction.

PLEASE TAKE FURTHER NOTICE that the Debtor has filed with the Court the Declaration of Tom Neary attached to which is a copy of the Purchase Agreement (including a description of the Purchased Assets). Copies of this pleading and documents may be (1) reviewed and copied at the Clerk of the United States Bankruptcy Court, 700 Stewart Street, Seattle, WA 98101 or (2) may be obtained by submitting a written request to Ms. Kjrsten Swan, Paralegal, K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158, Tel: (206) 623-7580, Fax: (206) 623-7022.

PLEASE TAKE FURTHER NOTICE THAT IF YOU OPPOSE the Sale Motion, you must file your written objection NO LATER THAN **Wednesday, November 10, 2010 at midnight (PST)**. . Objections must be filed with the Court, 700 Stewart Street, Seattle, WA, 98101, and a copy delivered to

Michael J. Gearin and
Eric Simonson
K&L Gates, LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 90104
Fax: (206) 370-6012

PLEASE TAKE FURTHER NOTICE that in accordance with Local Bankruptcy Rule 9013-

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 26

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

1 | 1(d)(7), failure to timely file and serve an objection to the Sale Motion may be deemed by the Court an

2 | admission that any opposition to the Sale Motion is without merit. Further, pursuant to Local Bankruptcy

3 | Rule 9013-1(e), failure to appear at the hearing on the Sale Motion may be deemed by the Court to be an

4 | admission that any opposition to the Sale Motion is without merit. Further, pursuant to Local Bankruptcy

5 | Rule 9013-1(f), if no opposition to the Sale Motion is timely filed and served, the Court may either (a) grant

6 | the Sale Motion by default at the hearing, or (2) grant the Sale Motion prior to the hearing on the Debtor's ex

7 | parte presentation of a proposed order accompanied by proof of service and a declaration that no objection to

8 | the Sale Motion was timely received.

9

DATED this ___ day of October, 2010.

10

11 | K&L GATES LLP

12

13 | By _____

14 | Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian L. Lewis, 33560

15 | Attorneys for Coast Crane Company

16

17

18

19

20

21

22

23

24

25

26

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 27

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**EXHIBIT B**
**TO BIDDING PROCEDURES ORDER**
*FORM OF*
**NOTICE OF DEBTOR'S INTENT TO ASSUME**
**AND ASSIGN EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES**

TO:        Affected Parties Including Contract Counter-Parties
AND TO:    The Court of the Clerk
AND TO:    The United States Trustee,
AND TO:    Other Parties Entitled to Notice

PLEASE TAKE NOTICE that the Debtor has filed a Motion for Order Approving the Sale of Substantially All of The Debtor's Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances; Approving the Assumption and Assignment by the Debtor to Buyer of Certain of the Debtor's Executory Contracts; and Granting Other Relief (the "Sale Motion" and "Sale Order," respectively).

By the Sale Motion, the Debtor requests that the Court enter an order authorizing the sale of substantially all of the Debtor's assets and business (the "Assets") more particularly identified in the Asset Purchase and Sale Agreement dated September 21, 2010 (defined in the Sale Motion), free and clear of all liens, claims, and encumbrances to either: (1) Coast Rainier Acquisition Company ("CRAC"), or (2) an Alternative Bidder (defined in the Sale Motion). The Debtor also seeks Court approval of the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed Executory Contracts/Leases"), which will be transferred to the successful bidder at the auction.

PLEASE TAKE FURTHER NOTICE that the Debtor has filed with the Court the Declaration of Tom Neary attached to which is a copy of the  Agreement (including a description of the Assets). Copies of this pleading and documents may be (1) reviewed and copied at the Clerk of the United States Bankruptcy Court, 700 Stewart Street, Seattle, WA 98101 or (2) may be obtained by submitting a written request to Ms. Kjrsten Swan, Paralegal, K&L Gates LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158, Tel: (206) 623-7580, Fax: (206) 623-7022.

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Sale Motion, the Debtor seeks authority to assume and assign the Assumed Executory Contracts/Leases which will be transferred to the successful bidder at an auction of substantially all of the Debtor's assets to be held on November 8, 2010. Provided with this notice, and attached as <u>Exhibit A</u> is the list of contracts and leases which the Debtor intends to assume and assign to CRAC or, if applicable, the Alternative Bidder, and the Debtor's calculation of the amount necessary to cure the arrearages on the contracts or leases (the "Cure Amount"). Attached as Exhibit B is a list of contracts and leases that the Debtor, at its discretion, may elect to reject.

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 28

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

PLEASE TAKE FURTHER NOTICE THAT any Contract Party wishing to assert that any defaults, conditions, or pecuniary losses under any of the Assumed Executory Contracts/Leases as of the Petition Date must be cured or satisfied in order for any such Assumed Executory Contract/Lease to be assumed and/or assigned, other than those identified in the Cure Amount, shall be required to file and serve an objection (a "Cure Objection"), in writing, setting forth with specificity any and all obligations that the Contract Party asserts must be cured or satisfied. Any party objecting to the potential assumption and assignment of such Assumed Executory Contract/Lease, shall likewise be required to file and serve an objection (an "Assumption/Assignment Objection") setting forth with specificity any and all objections to the potential assumption and assignment of such Assumed Executory Contract.

PLEASE TAKE FURTHER NOTICE THAT to be considered a timely Cure Objection or Assumption/Assignment Objection, must be filed and served on or before **November 8, 2010** (the "Cure/Assignment Objection Deadline"). **Only in the event a Qualified Bidder, other than CRAC is the successful buyer at the auction (the "Successful Bidder"), the DEADLINE FOR FILING ASSUMPTION/ASSIGNMENT OBJECTIONS SHALL BE EXTENDED UNTIL THE TIME OF THE SALE HEARING. SUCH EXTENSION DOES NOT APPLY TO THE DEADLINE FOR FILING CURE OBJECTIONS WHICH REMAINS NOVEMBER 8, 2010, WHETHER OR NOT CRAC IS THE SUCCESSFUL BIDDER.** Objections must be filed with the Court, 700 Stewart Street, Seattle, WA, 98101. and a copy delivered to

> Michael J. Gearin and
> Eric Simonson
> K&L Gates, LLP
> 925 Fourth Avenue, Suite 2900
> Seattle, Washington 90104
> Fax: (206) 370-6012

PLEASE TAKE FURTHER NOTICE that the results of the auction may be obtained after 3:00 p.m. PT on November 9, 2010, by requesting the result, in writing by facsimile, email, or U.S. Mail from Ms. Kjrsten Swan, Paralegal, K&L Gates, LLP, 925 Fourth Avenue, Suite 2900, Seattle, WA 98104-1158, Tel: (206) 623-7580, Fax: (206) 623-7022, kjrsten.swan@klgates.com.

PLEASE TAKE FURTHER NOTICE THAT hearing(s) with respect to Cure Objections or Assumption/Assignment Objections, if any, may be held (i) at the Sale **Hearing to be held on November 12, 2010 at 9:30 A.M. PST before the Honorable Karen A. Overstreet, United States Bankruptcy Judge, in Courtroom 7206, 700 Stewart Street, Seattle, WA, 98101**, or at such other date as the Court may designate, giving effect to the need for certainty and the timing provisions regarding the establishment and satisfaction of applicable cure amounts as set forth in the Purchase Agreement, as well as the fact that a Successful Bidder other than Buyer may have identified contracts not included in the Assumed Executory Contracts to include in such party's bid. If the subject Assumed Executory Contract is assumed and assigned prior to resolution of the cure amount, the liquidated cure amount timely asserted by the objecting party, if any (or such lower amount as may be fixed by the Court), shall be deposited by the Debtor into a segregated account pending further order of the Court or agreement of the parties.

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 29

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\2065889\00015\20347_DCN\20347P25Z4

1    PLEASE TAKE FURTHER NOTICE THAT Contract Parties who fail to file and serve
2  Cure Objections and/or Assumption/Assignment Objections as provided above shall be deemed to
   have waived and released any objection to the amount of the cure proposed by the Debtor and
3  shall be forever barred and estopped from asserting or claiming against the Debtor, the Buyer or
   any other Qualified Bidder that any additional amounts are due or defaults exist, or conditions to
   assignment must be satisfied, under such Assumed Executory Contract.

      DATED this 2nd day of October, 2010.


                                     K&L GATES LLP


                                     By _____
                                          Michael J. Gearin, WSBA # 20982
                                          David C. Neu, WSBA #33143
                                          Brian L. Lewis, 33560
                                     Attorneys for Coast Crane Company

ORDER, INTER ALIA, (i) SCHEDULING A HEARING TO APPROVE
ASSET PURCHASE AGREEMENT WITH COAST RAINIER
ACQUISITION COMPANY FOR SALE OF DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS. . . - 30

K:\2065889\00015\20347_DCN\20347P25Z4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022