Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle, Room 7206
**Hearing Date: Friday, November 12, 2010**
**Hearing Time: 9:30 a.m.**
Response Date: November 10, 2010

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY,<br><br>Debtor. | No. Case No: 10-21229<br><br>DEBTOR'S REPORT OF AUCTION |

Coast Crane Company, the debtor and debtor-in-possession ("Coast" or the "Debtor") files its report of the results of the auction for substantially all of its assets, held on November 8, 2010.

**AUCTION RESULTS**

On September 22, 2010, the Debtor filed its Motion for Order, Inter Alia, (i) Scheduling a Hearing to Approve Asset Purchase Agreement with Coast Rainier Acquisition Company for Sale of Debtor's Assets, Free And Clear of Liens; (ii) Approving the Form and Manner of Notice; (iii) Approving Expense Reimbursement; (iv) Approving Bidding Procedures; and (v) Approving Procedures for Assumption and Assignment of Executory Contracts (the "Sale Motion"). Pursuant to the Sale Motion, the Debtor sought authority to sell substantially all of its assets (the "Purchased Assets") to Coast Rainier Acquisition Company ("CRAC") or the successful overbidder at an auction to be held on November 8, 2010.

REPORT OF AUCTION - 1

K:\2065889\00015\20347_DCN\20347P261U

A. Initial Bid for the Purchased Assets

CRAC was the stalking horse bidder for the Acquired Assets. As is set-forth of the Declarations of Matthew W. Hudson submitted in this proceeding [Dkt. Nos. 12, 132], beginning in March, 2010, Oppenheimer & Co. Inc. ("Oppenheimer") assisted the Debtor in its efforts to sell its assets or otherwise recapitalize itself. In connection with those efforts, Oppenheimer assisted the Debtor in an extensive marketing process designed to elicit offers to restructure Debtor, refinance its debt or acquire Debtor's assets. Oppenheimer solicited 140 parties in connection with the marketing efforts. These efforts resulted in ten (10) written expressions of interest from parties interested in either (i) acquiring Debtor's assets, (ii) purchasing a significant equity interest in Debtor or (iii) entering into a financing transaction with Debtor. On June 11, 2010, the Debtor and its board of directors, after review with the senior lenders, agreed to enter an exclusivity agreement with Clearlake Capital ("Clearlake"), which is an affiliate of CRAC. At this time, the Debtor was in default on its debt obligations, in an overadvance position under its senior debt facility and operating under a forbearance agreement in which the senior lenders agreed to continue providing funding to the Debtor.

Following Debtor's review of CRAC's offer and after extensive arm's length negotiations with CRAC, Debtor entered into an Asset Purchase Agreement dated September 22, 2010 with CRAC (the "CRAC Asset Purchase Agreement"), pursuant to which CRAC would acquire the Purchased Assets on the terms set forth in the CRAC Asset Purchase Agreement.[1] The key terms of the CRAC Asset Purchase Agreement were set forth in Debtor's Memorandum filed in support of the Sale and Bid Procedures Motion [Dkt. No. 20]. As detailed in the Supplemental Declaration of Jeff Nerland Disclosing Estimated Total Purchase Price [Dkt. No. 224] (the "Purchase Price Decl."), as of October 25, 2010, the Debtor believed that the total consideration paid by CRAC for the Purchased Assets under the CRAC Asset Purchase Agreement was $80,750,000. The consideration

---

[1] Declaration of Tom Neary [Dkt. No. 15].

REPORT OF AUCTION - 2

K:\2065889\00015\20347_DCN\20347P261U

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

included cash of $31,260,000 and assumed debt of $49,450,000[2]. The assumed debt included $1,700,000 of trade payables of the Debtor (the "Trade Payables").

Post-Petition, Oppenheimer contacted 77 parties to determine whether they had interest in exploring submitting an alternative bid. Of those parties, 38 expressed some level of interest, and 14 ultimately engaged in some level of due-diligence.

B.  Initial Overbid by CC Bidding Corp. ("CCB")

In early September, 2010, Essex Crane Rental Corporation ("Essex"), a company which had expressed interest in acquiring the Debtor in early 2010, re-commenced its due-diligence examination of the Debtor and its assets. *See* Declaration of Matthew W. Hudson [Dkt. 132]. Over the subsequent weeks, leading up to the deadline for submission of alternative bids on November 1, 2010 (the "Alternative Bid Deadline"), Essex conducted detailed due-diligence. On November 1, 2010, CCB, an affiliate of Essex, submitted an alternative bid (the "Initial CCB Bid"). The consideration offered in the Initial CCB Bid included a cash payment of $33,278,000, and assumption of $64,309,000 in liabilities, including $45,899,000 in indebtedness owed to the Senior Lenders[3], $5,300,000 of junior-secured indebtedness owed to Knott Partners, LLP and $1,700,000 of Trade Payables.

On November 2, 2010, in consultation with the Senior Lenders, Junior Lender, and Official Committee of Unsecured Creditors, the Initial CCB Bid was deemed a Qualified Bid, subject to CCB's provision of additional evidence regarding its cash availability and financing, which was provided on November 5, 2010. Upon a final determination by the Debtor that the Initial CCB Bid was a Qualified Bid, CCB, CRAC, the Senior Lenders, the Junior Lender, and the Committee were informed that pursuant to the Bid Procedures Order, the Auction would take place on November 8,

---

[2] The Purchase Price Decl. details other adjustments to arrive at a total purchase price of $80,750,000.
[3] Capitalized terms, unless otherwise defined, have the same meaning as set-forth in the Sale Motion, and memorandum in support thereof.

REPORT OF AUCTION - 3

K:\2065889\00015\20347_DCN\20347P261U

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2010, with CRAC and CCB as the bidding parties.

### C. The Auction

Pursuant to the terms of the order approving the Bidding Procedures Motion (the "Bidding Procedures Order"), the Auction was held on November 8, 2010, commencing at 11:00 a.m. CCB and CRAC were the only two parties qualified to bid at the Auction. Counsel and representatives of CCB, CRAC, the Debtor, the Senior Lenders, the Junior Lender, and the Committee were present at the Auction.

At the Commencement of the Auction, the Initial CCB Bid was designated as the opening-bid, and CRAC was invited to make another bid. CRAC submitted a subsequent bid (the "CRAC Auction Bid"), pursuant to which it increased the cash portion of its original offer to $38,800,000, and proposed to assume liabilities of $53,421,000, including $39,667,000 of the indebtedness owed to the Senior Lenders, and $2,344,000 of Trade Payables. Per the Debtor's calculations, the consideration under the Initial CCB bid was $91,327,000[4] and the consideration under the CRAC Auction Bid was $92,471,000. After submission of the CRAC Auction Bid, the parties broke-out into caucus rooms, and the Debtor consulted, in turn, with the Senior Lenders, Committee, and Junior Lender regarding the terms of the CRAC Auction Bid, and determined that the CRAC Auction Bid was an overbid of the Initial CCB bid under the terms of the Bid Procedures Order. The parties reconvened, and CCB was invited to submit an additional bid.

CCB submitted a subsequent bid (the "CCB Subsequent Bid"), pursuant to which it increased the cash portion of the Initial CCB Bid in an amount sufficient to "pay the Senior Lenders in-full" after the assumption of $45,899,000 of the obligation owed to the Senior Lenders.[5] Under the CCB

---

[4] This calculation ascribed no value to the assumption of debt of the Junior Lender, as the Senior Lenders were not paid in-full under the Initial CCB Bid.
[5] Assuming a closing date of November 21, 2010, the Debtor believes that the cash payment would need to equal $37,980,000.

REPORT OF AUCTION - 4

K:\2065889\00015\20347_DCN\20347P261U

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Subsequent Bid, CCB offered to assume $64,309,000 in liabilities, including $45,899,000 in senior indebtedness, $5,300,000 of indebtedness owed to the Junior Lender, and $1,700,000 in Trade Payables. Per the Debtor's calculations, the total consideration under the Subsequent CCB bid is $101,329,000, assuming a closing date of November 21, 2010.

After submission of the Subsequent CCB Bid, the parties again broke-out into caucus rooms, and the Debtor consulted with the Senior Lenders, Junior Lender, and Committee regarding the Subsequent CCB Bid. During the consultation with the Junior Lender, the Junior Lender agreed that under the Subsequent CCB Bid, its claim against the Debtor would be reduced by $7 million as a result of CCB's assumption of $1.7 million in trade payables of the Debtor and $5.3 million of the junior secured indebtedness. The Debtor determined that the Subsequent CCB Bid was an overbid of the CRAC Auction Bid, conditioned upon CCB, by 12:00 p.m. PST on November 9, 2010, providing the Debtor with: 1) a redline Asset Purchase Agreement to reflect to terms of the Subsequent CCB Bid; and 2) evidence verifying the availability of sufficient cash for CCB to pay the cash portion of the purchase price. CRAC agreed to hold the CRAC Auction Bid open until 12:00 p.m. PST on November 9, 2010 in the event CCB was unable to satisfy the conditions but otherwise declined to act as a back-up bidder.

On November 9, 2010, CCB satisfied the conditions set-forth above, and its bid was deemed the Successful Bid.

A copy of the revised Asset Purchase Agreement with CCB, reflecting the terms of the Successful Bid, is attached hereto as <u>Exhibit A</u>. Schedule 2.3(h) is subject to further modification based on continued reconciliation with the Debtor's records and consultation with the Committee.

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 10th day of November, 2010.

                                            K&L GATES LLP

By */S/ David C. Neu*
    Michael J. Gearin, WSBA # 20982
    David C. Neu, WSBA #33143
    Attorneys for Coast Crane Company

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022