Joseph E. Shickich, Jr. (WSBA #8751)
Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
Tel: 206-624-3600

- and -

Jeff J. Friedman
*Admitted Pro Hac Vice*
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
Tel: 212-940-8800

Attorneys for Essex Rental Corp.

Honorable Karen A. Overstreet
Chapter 11
Hearing Location: Seattle
Hearing Date: November 12, 2010
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

COAST CRANE COMPANY,

Debtor.

Case No. 10-21229

**DECLARATION OF MARTIN A. KROLL IN SUPPORT OF SALE ORDER**

Martin A. Kroll declares:

1. I am the Senior Vice President and the Chief Financial Officer of Essex Rental Corp. I am also the Corporate Secretary and the Chief Financial Officer of CC Bidding Corp. ("Buyer"). I am over the age of 18 years and make this declaration from personal knowledge.

2. I make this declaration in support of the entry of the Order Approving the Sale of Substantially All of the Debtor's Assets in Business Free and Clear of All Liens, Claims, Interest and Encumbrances; Approving the Assumption and Assignment by the Debtor to Buyer of Certain of the Debtor's Executory Contracts; and Granting Other Relief ("Sale Order").

DECLARATION OF MARTIN A. KROLL IN SUPPORT OF SALE ORDER - 1

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

3. Capitalized terms used in my declaration shall have the meanings given to them in the Sale Motion or the Purchase Agreement.

4. Given the Debtor's liquidity problems and other operational challenges, the Buyer is only willing to proceed to acquire the Debtor's Business if the Transactions can be consummated quickly and without excess or onerous liabilities.

5. The Buyer negotiated, proposed and entered into by the Purchase Agreement with the Debtor at arm's length without collusion or fraud.

6. The Buyer would not have entered into the Purchase Agreement and will not consummate the Transactions if the sale of the Purchase Assets to the Buyer and the assignment of the Assumed Executory Contracts to the Buyer is not free and clear of all Interests, or if the Buyer would, or in the future could, be liable for any such Interests, except for those Interests specifically assumed by the Buyer pursuant to the terms of the Purchase Agreement.

7. Neither the Buyer nor its affiliates had any insider influence or improper conduct in connection with the negotiation of the Purchase Agreement with the Debtor. There was no fraud or collusion among the Buyer, its affiliates or any other bidder for the Debtor's assets, nor was there any collusion between the Debtor and the Buyer or its affiliates to the detriment of any other bidders.

8. The Buyer is not an "insider" or an "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code.

9. There is no common identity of incorporators, directors or stockholders between the Buyer and the Debtor.

10. The Buyer will be able to perform in the future under the Assumed Executory Contracts. It is being capitalized by a cash payment of $37,980,000, and it has entered into a new $75,000,000 revolving credit facility under which it is

DECLARATION OF MARTIN A. KROLL IN SUPPORT OF SALE ORDER - 2

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

expected that there will be $15,000,000 in availability at Closing. Further, the Buyer is an indirect, wholly-owned subsidiary of Essex Rental Corp., which has access to the stock and credit markets.

11. Attached as Exhibit A is a estimated Post-Acquisition Opening Balance Sheet for the Buyer to which counterparties to Assumed Executory Contracts can look for adequate assurance of future performance by the Buyer.

I certify or declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of November, 2010, at Seattle, Washington.

*/s/ Martin A. Kroll*
_____
Martin A. Kroll

4815-7183-3608.01
111110/1418/64432.00001

DECLARATION OF MARTIN A. KROLL IN SUPPORT OF SALE ORDER - 3

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

**Coast Crane Company**
**Post-Acquisition**
**Opening Balance Sheet**
**($000's Omitted)**
**Unaudited and Pro Forma**

| | | |
|---|---:|---:|
| **Assets (a)** | | |
| Cash (based on Section 2.1b (xix) of APA) | $ | 5 |
| Accounts receivable | | 5,242 |
| Parts Inventory | | 1,500 |
| New Equipment Inventory (b) | | 5,262 |
| Used Equipment Inventory | | 253 |
| Prepaid Expenses | | 633 |
| Work in Process | | 791 |
| Accrued Rental Revenue | | 282 |
| Total Current Assets | | 13,968 |
| | | |
| Rental Equipment (c) | | 77,595 |
| Corporate Property (d) | | 1,876 |
| Identifiable Intangible Assets | | 1,000 |
| Deferred Loan Costs | | 1,250 |
| Total Non-current Assets | | 81,721 |
| | | |
| Total Assets | $ | 95,689 |
| | | |
| **Liabilities and Shareholders' Equity** | | |
| Trade Payables (e) | $ | 1,700 |
| Manitowoc Trade Payables (parts and service) (f) | | 750 |
| Manitowoc Trade Payables (unsold cranes) (g) | | 3,057 |
| Unpaid Bonus, Commissions and Accrued Vacation (h) | | 873 |
| Unpaid employee compensation (h) | | 175 |
| Transfer Taxes (i) | | 60 |
| Total Current Liabilities | | 6,615 |
| | | |
| New Revolving Credit Facility (j) | | 48,064 |
| DLL Loan (k) | | 3,983 |
| Secured Interest Rate Swaps (l) | | 1,256 |
| Total Long-term Liabilities | | 53,303 |
| | | |
| Total Liabilities | | 59,918 |
| | | |
| Shareholders' Equity | | |
| Paid in Capital | | 37,618 |
| Retained Earnings (m) | | (1,847) |
| Total Shareholders' Equity | | 35,771 |
| | | |
| Total Liabilities and Shareholders' Equity | $ | 95,689 |

Note: Analysis excludes the balance sheet of the Canadian subsidiary as the value of the equity interest was valued at $10 as per section 2.1b (vi) of the APA.

(a) Asset balances are based on the estimated fair value of assets acquired at the time the transaction closes. Accounts receivable, new and used equpment inventory and rental equipment are based on an estimate of OLV by taking the product of September 30, 2010 NBV per the CCC borrowing base calculation (the last available borrowing base calculation) and the OLV to NBV peg as per the April 2010 appraisal (the last available appraisal).

(b) New equipment inventory includes $3,057 of additional Manitowoc liabilities assumed for unsold equipment.

(c) Rental equipment assumes a fair market value that is 3% greater than OLV.

(d) Corporate property includes an assumed fair market value of $700,000 for corporate assets not included in the appraisal, such as servers, furniture, etc...

(e) As per Section 2.3h of the Asset Purchase Agreement

(f) As per Section 2.3f of the Asset Purchase Agreement

(g) As per Section 2.3g of the Asset Purchase Agreement

(h) As per Section 2.3m of the Asset Purchase Agreement

(i) As per Section 2.3i of the Asset Purchase Agreement

(j) As per Section 2.3c of the Asset Purchase Agreement; Expected availability under the $75 million Revolving Credit Facility as of the closing date is approximately $15 million.

(k) As per Section 3.1(a)(iii) of the Asset Purchase Agreement

(l) As per Section 2.3e of the Asset Purchase Agreement

(m) Includes expenses incurred and paid at closing of approximately $1.8 million



EXHIBIT A