| | |
|---|---|
| Michael J. Gearin, WSBA # 20982<br>David C. Neu, WSBA #33143<br>Brian L. Lewis, WSBA #33560<br>K&L GATES LLP<br>925 Fourth Avenue<br>Suite 2900<br>Seattle, WA 98104-1158<br>(206) 623-7580 | Honorable Karen A. Overstreet<br>Chapter 11<br>Hearing Location: Seattle, Room 7206<br>**Sale Hearing**<br>**Hearing Date: Friday, November 12, 2010**<br>**Hearing Time: 9:30 a.m.**<br>Response Date: Wed., November 10, 2010 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY,<br><br>                    Debtor. | No. 10-21229<br><br>ORDER APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS AND BUSINESS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; APPROVING THE ASSUMPTION AND ASSIGNMENT BY THE DEBTOR TO BUYER OF CERTAIN OF THE DEBTOR'S EXECUTORY CONTRACTS; AND GRANTING OTHER RELIEF |

THIS MATTER comes before the Court upon the motion (the "Sale Motion")[1] of Coast Crane Company (the "Debtor" or "Coast"), debtor and debtor-in-possession, for the entry of an Order approving (i) the sale (the "Sale") of substantially all of Debtor's assets and business free and clear of all liens, claims, interests and encumbrances ("Interests") to CC Bidding Corp. ("CCBC" or "Buyer")[2] pursuant to an asset purchase agreement (the "Purchase Agreement") substantially in the form attached hereto as Exhibit A and (ii) the assumption and assignment by the Debtor to Buyer of certain of Debtor's executory contracts and leases. Having considered the Sale Motion, the accompanying declaration, the Purchase Agreement, any objections and reply materials including the Objection of

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Purchase Agreement or Sale Motion.

[2] As set forth in the Debtor's Report of Auction, filed on November 10, 2010, CCBC was the Successful Bidder at the Auction.

ORDER APPROVING SALE, etc. - 1
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Manitowoc, the arguments of counsel, and the pleadings and papers herein, the Court HEREBY FINDS AND DETERMINES THAT:[3]

A. The Court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue of this case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Sale Motion are 11 U.S.C. §§ 105(a), 363(b), (f), (m), and (n) and 365, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014.

C. As evidenced by the affidavits of service previously filed with the Court, the Debtor provided proper, timely, adequate and sufficient notice of the Sale Motion, the Sale Hearing, the transactions contemplated under the Purchase Agreement, including, without limitation, the Sale and the assumption and assignment of the Assumed Executory Contracts and Leases in accordance with 11 U.S.C. §§ 102(l), 363 and 365 and Fed. R. Bankr. P. 2002, 6004 (collectively, the "Transactions"), and to: (i) the Office of the United States Trustee; (ii) counsel for the Coast Crane Acquisition Corporation and counsel for the Buyer; (iii) counsel for the Creditors' Committee; (iv) all entities known to have asserted any interests in or upon the Purchased Assets; (v) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Sale Motion, (vi) all parties to Assumed Executory Contracts and Leases; (vii) the United States Attorney's office; (viii) the Internal Revenue Service; and (ix) the official service list in this case. Such notice was good and sufficient, and afforded parties sent notice a reasonable opportunity to object or be heard with respect to the matters that are the subject of this Order, and no other or further notice of the Sale Motion, the Sale Hearing or any of the Transactions is or shall be required.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

ORDER APPROVING SALE, etc. - 2
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

D.  The Debtor marketed the Purchased Assets and conducted the sale process in compliance with applicable law and rules.

E.  The Debtor (i) has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets and assumption and assignment of the Assumed Executory Contracts and Leases by the Debtor have been duly and validly authorized by all necessary corporate action of the Debtor, (ii) has all of the corporate power and authority necessary to consummate the Transactions, (iii) has taken all corporate action necessary to authorize and approve the Purchase Agreement and the consummation by the Debtor of the Transactions, and (iv) requires no consents or approvals, other than those expressly provided for in the Purchase Agreement, in order to consummate such Transactions.

F.  Approval of the Purchase Agreement and consummation of the Transactions at this time are in the best interests of the Debtor, its creditors, its estate, and other parties in interest.

G.  The Debtor has demonstrated both (i) good, sufficient, and sound business purpose and justification, and (ii) compelling circumstances for the Transactions pursuant to 11 U.S.C. § 363(b) prior to, and outside of, a plan of reorganization in that, among other things:

(1)  The Debtor is experiencing liquidity problems that result in it being unable to fund its operations in the near future;

(2)  There is an immediate and significant risk to the value of the Debtor's business;

(3)  Such liquidity problems and other operational challenges have caused the Debtor hardship;

(4)  Given these circumstances, the Buyer is only willing to proceed to acquire the Debtor's Business if the Transactions can be consummated quickly and without excessive or onerous liabilities;

(5)  The Debtor has diligently and in good faith marketed the Purchased Assets to

ORDER APPROVING SALE, etc. - 3
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

secure the highest and best offer therefor. An auction for the Purchased Assets was held on November 8, 2010 pursuant to the Court's October 12, 2010 Order, Inter Alia, (i) Scheduling a Hearing to Approve the Asset Purchase Agreement with Coast Ranier Acquisition Company for Sale of the Debtor's Assets Free and Clear of Liens; (ii) Approving the Form and Manner of Notice; (iii) Approving Expense Reimbursement; (iv) Approving Bidding Procedures; and (v) Approving Procedures for Assumption and Assignment of Executory Contracts (the "<u>Bid Procedures Order</u>").

(6) The Buyer's bid, pursuant to the terms and conditions set forth in the Purchase Agreement represents a fair and reasonable purchase price and constitutes the highest and best offer obtainable for the Purchased Assets.

H. A sale of the Purchased Assets at this time to the Buyer pursuant to 11 U.S.C. § 363(b) is the best alternative to (i) preserve the enterprise value of the Purchased Assets, (ii) provide employment for the Debtor's employees, and (iii) maximize the value of the Debtor's estate for the benefit of all constituencies. Delaying the sale undoubtedly will result in a loss of value of the Purchased Assets.

I. The Purchase Agreement was negotiated and proposed at arms'-length without collusion or fraud, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. The Auction was conducted at arms'-length and in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

J. The Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.

K. The consideration provided by the Buyer for the Purchased Assets pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets determined following the Auction, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

L.  The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective transfer of the Purchased Assets, will vest the Buyer with all right, title, and interest of the Debtor to the Purchased Assets free and clear to the fullest extent permitted under the Bankruptcy Code or other applicable law of all Interests in such property of any Person or entity, including, without limitation, all Interests of any kind or nature whatsoever arising under or out of, or in connection with, or in any way relating to the operation of the Business prior to the Closing or any acts of Debtor.

M.  The Buyer would not have entered into the Purchase Agreement and would not consummate the Transactions, thus adversely affecting the Debtor, its estate, and its creditors, if the sale of the Purchased Assets to the Buyer and the assignment of the Assumed Executory Contracts to the Buyer was not free and clear of all Interests, or if the Buyer would, or in the future could, be liable for any of such Interests.

N.  Subject to the terms and conditions of this Order, the Debtor may sell the Purchased Assets free and clear of all Interests because, in each case, one or more of the prerequisites set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. The Senior Lenders, who hold first priority liens and security interests in the Purchased Assets and the Debtor's secured lender (the "Junior Lender") under that certain Term Loan and Security Agreement, dated May 18, 2007 (as amended, restated, supplemented, refunded, refinanced, or otherwise modified or replaced from time to time, the "Junior Lender Term Loan Agreement") who holds second priority liens and security interests in the Purchased Assets, consent to the Transactions and to the Sale Motion, thereby satisfying the condition set forth in 11 U.S.C. § 363(f)(2).

O.  Those holders of Interests who did not object, or who withdrew their objections, to the Transactions or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Other holders of Interests who objected to the Sale Motion fall within one or more of the other subsections of 11 U.S.C. § 363(f) and are adequately protected by having their Interests, if any, attach to the cash proceeds of the Sale attributable to the property against or in which they assert an Interest, in the same order of priority that existed prior to the Closing and subject to all objections, counterclaims, recoupments and other defenses of the Debtor's estate.

P. The (i) transfer of the Purchased Assets to the Buyer and (ii) assumption and assignment to the Buyer of the Assumed Executory Contracts and the assumption of the Assumed Liabilities expressly stated in the Purchase Agreement, will not subject the Buyer to any liability with respect to the operation of the Debtor's business that accrued or arose prior to the Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law (including any theory of antitrust or successor or transferee liability).

Q. Subject to this Court's ruling on the Manitowoc Objection, the Debtor has demonstrated that it is an exercise of its sound business judgment to assume and assign all other Assumed Executory Contracts and Leases to the Buyer in connection with the consummation of the Transactions, and the assumption and assignment of the Assumed Executory Contracts and Leases is in the best interests of the Debtor, its estate, and its creditors. The Assumed Executory Contracts and Leases being assigned to, and any related Assumed Liabilities being assumed by, the Buyer are an integral part of the Business being purchased by the Buyer and, accordingly, such assumption and assignment of Assumed Executory Contracts and Leases and Assumed Liabilities are reasonable, enhance the value of the Debtor's estate, and do not constitute unfair discrimination. Except for Assumed Executory Contracts and Leases in which the non-debtor party waived any existing defaults in connection with the assumption and assignment to Buyer thereof, the Debtor has (i) cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof

ORDER APPROVING SALE, etc. - 6
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

under any of the Assumed Executory Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(A), and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Executory Contracts, with the meaning of 11 U.S.C. § 365(b)(1)(B), and, subject to this court ruling on the Manitowoc objection, the Buyer has provided adequate assurance of the future performance of and under the Assumed Executory Contracts, within the meaning of 11 U.S.C. § 365(b)(1)(C).

R. The Transactions do not constitute a *sub rosa* Chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford. The Transactions neither impermissibly restructure the rights of Debtor's creditors nor impermissibly dictate a liquidating plan of reorganization for the Debtor.

S. There was no evidence of insider influence or improper conduct by the Buyer or its affiliates in connection with the negotiation of the Purchase Agreement with the Debtor. There also was no evidence of fraud or collusion among the Buyer, its affiliates or any other bidder for the Debtors' assets, or collusion between the Debtor and the Buyer or its affiliates to the detriment of any other bidders.

T. Immediately prior to the entry of this Order, the Buyer was not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders existed between the Buyer and the Debtor. Pursuant to the Purchase Agreement, Buyer is not purchasing all of the Debtor's assets in that the Buyer is not purchasing any of the Excluded Assets, and the Buyer is not holding itself out to the public as a continuation of the Debtor. Those of the Debtor's employees who are to be employed by the Buyer pursuant to the Purchase Agreement are being hired under new employment contracts or other arrangements to be entered into or to become effective at the time of the Closing.

ORDER APPROVING SALE, etc. - 7
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

General Provisions

1. The Sale Motion is granted, as further described herein.

2. With the exception of the Manitowoc Objection, all objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

Approval of the Purchase Agreement.

3. The Purchase Agreement, and all of the terms and conditions thereof, is hereby approved.

4. Pursuant to 11 U.S.C. § 363(b), the Debtor is authorized and directed to consummate the Transactions, pursuant to and in accordance with the terms and conditions of the Purchase Agreement.

5. The Debtor is authorized and directed to execute, deliver, perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer or reducing to possession, the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

Transfer of Purchased Assets

6. Pursuant to 11 U.S.C. §§ 105(a) and 363(f), the Purchased Assets shall be transferred at Closing to the Buyer, free and clear of all Interests, except for those Interests expressly assumed by the Buyer pursuant to the terms of the Purchase Agreement, with all such Interests (except those expressly assumed by Buyer) to attach to the net proceeds of the Sale in the order of their priority,

ORDER APPROVING SALE, etc. - 8
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

with the same validity, force and effect which they now have as against the Purchased Assets, subject to any claims and defenses the Debtor may possess with respect thereto and subject to the terms of the Purchase Agreement. At Closing, the Senior Debt Cash Amount shall be paid to the Senior Lenders from the net proceeds of the Sale.

7. Except as expressly permitted or otherwise specifically provided by the Purchase Agreement or this Order, all Persons and other entities holding Interests against or in the Debtor or the Purchased Assets, including but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other unsecured creditors (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets, the operation of the Debtor's business prior to the Closing, or the transfer of the Purchased Assets to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, its successors or assigns, its property or interests or the Purchased Assets, such Persons' or other entities' Interests.

8. The sale of the Purchased Assets by Debtor to Buyer (A) is a legal, valid and effective transfer of the Purchased Assets; (B) vests Buyer with all right, title and interest of such Debtor to the Purchased Assets free and clear of all Interests pursuant to Section 363(f) of the Bankruptcy Code (other than Liens created by Buyer and except for those Interests expressly assumed by the Buyer pursuant to the terms of the Purchase Agreement); and (C) constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which Debtor is incorporated and any other applicable non-bankruptcy laws.

Assumption and Assignment to Buyer of Assumed Executory Contracts and Leases

9. Subject to this Court ruling on the Manitowoc Objection, pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the Closing of the Sale, the Debtor's assumption and assignment to the Buyer of all other Assumed Executory Contracts and Leases is

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

hereby approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are hereby deemed satisfied. Pending this Court's ruling on the Manitowoc Objection, nothing in this Order shall affect the rights and obligations of the parties to the Manitowoc Distributorship Sales and Service Agreement.

10. The Assumed Executory Contracts and Leases shall be transferred to, and remain in full force and effect for the benefit of, the Buyer in accordance with and subject to the provisions of the Purchase Agreement, notwithstanding any provision in any such Assumed Executory Contract and Lease, including those of the type described in 11 U.S.C § 365, that prohibit, restrict, or condition such assignment or transfer.

11. All defaults or other obligations of the Debtor under the Assumed Executory Contracts and Leases arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) shall be cured, paid, satisfied or otherwise discharged as follows: (a) if such Assumed Executory Contract constitutes an Initial Assumed Executory Contract, by the Debtor by the Cure Costs Deadline applicable to such Assumed Executory Contract; and (b) if such Assumed Executory Contract is an Additional Designated Executed Contract, subject to Section 2.5 of the Purchase Agreement, by the Debtor by the Cure Costs Deadline applicable to such Additional Designated Executory Contract. In each instance, the Buyer shall have no liability or obligation in connection with any Assumed Executory Contract accruing or arising prior to the Closing Date, except as otherwise expressly provided in the Purchase Agreement.

12. Each non-Debtor party to an Assumed Executory Contract and Lease hereby is forever barred, estopped, and permanently enjoined from asserting against the Buyer, or the property of the Buyer, any default existing as of the Closing Date, or any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor in connection with such Assumed Executory Contract and Lease. Each non-Debtor party to an Assumed Executory Contract and Lease that is an

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Additional Designated Executory Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Buyer, or the property of the Buyer, any default existing as of the Closing Date, or any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor in connection with such Additional Designated Executory Contract. Upon payment, satisfaction or other discharge by Buyer of the allowed expenses of administration that have accrued during the Post-Closing Determination Period in connection with an Assumed Executory Contract and Lease that is an Additional Designated Executory Contract, each non-Debtor party to such Assumed Executory Contract and Lease hereby is forever barred, estopped, and permanently enjoined from asserting against the Buyer, or the property of the Buyer, any default existing as of the last day of the Post-Closing Determination Period, or any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor during such period in connection with such Assumed Executory Contract and Lease. The Debtor shall have no liability for any obligations or indebtedness that may accrue under any Additional Designated Executory Contract during the Post-Closing Determination Period, except for any obligations or indebtedness arising by as a result of the Debtor's willful misconduct or gross negligence.

13. Upon the Debtor's payment of the cure costs associated with an Assumed Executory Contract and Lease by the Cure Costs Deadline, each non-Debtor party to such Assumed Executory Contract and Lease hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtor, or the property of the Debtor, any default existing thereunder as of the date of Closing.

14. The failure of the Debtor or the Buyer to enforce at any time one or more terms or conditions of any Assumed Executory Contract and Lease shall not be a waiver of such terms or conditions, or of the Debtor's or the Buyer's rights to enforce every term and condition of the Assumed Executory Contracts and Leases.

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

15. The Buyer's right to designate Additional Designated Executory Contracts pursuant to Section 2.5(b) of the Purchase Agreement is hereby preserved. Upon designation by Buyer of an Additional Designated Executory Contract, Seller shall use its reasonable efforts to seek entry of an order assuming and assigning to Buyer any such Additional Designated Executory Contract.

Additional Provisions

16. All amounts to be paid to Buyer pursuant to the Purchase Agreement constitute administrative expenses under Sections 503(b) and 507(a)(2) of the Bankruptcy Code, and are immediately payable if and when the obligations of the Debtor arise under the Purchase Agreement, without any further order of the Bankruptcy Court. Such amounts shall be paid first in priority to the Buyer from the proceeds of any sale or other transaction involving the Purchased Assets, whether such sale or other transaction is implemented pursuant to 11 U.S.C. § 363 or through any plan of reorganization or liquidation filed in this bankruptcy case. No liens or security interests shall attach to such amounts. Notwithstanding the foregoing, the priority of any administrative expense claim of Buyer (arising in connection with this Order or the Purchase Agreement) as such claim relates to any administrative expense claim previously granted to the Senior Lenders shall remain subject to any prior order of the Court entered in this case with respect to such Senior Lenders' administrative expense claim and with respect to the Carveout and Expense Reimbursement.

17. Obligations of Debtor relating to Taxes, allocated to the Debtor under the Purchase Agreement, whether arising under law, by the Purchase Agreement, or otherwise, shall be fulfilled by Debtor, except as set-forth in the Purchase Agreement Obligations of the Debtor for priority secured Taxes or administrative Taxes shall be paid by the Debtor from funds to be made available under the DIP loan.

18. The consideration provided by the Buyer for the Purchased Assets and the terms of the Purchase Agreement (a) are fair and reasonable, and (b) shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

States, any state, territory, possession, or the District of Columbia. None of the Transactions may be avoided under 11 U.S.C. § 363(n).

19. As of the Closing, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release such creditor's Interests in the Purchased Assets, if any, as such Interests may have been recorded or may otherwise exist.

20. This Order (a) shall be effective as a determination that, as of the Closing, except as expressly provided in the Purchase Agreement, all Interests of any kind or nature whatsoever existing as to the Debtor or the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all Persons, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials who or which may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who or which may be required to report or insure any title or state of title in or to any of the Purchased Assets.

21. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Transactions.

22. If any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing an Interest in the Debtor or the Purchased Assets shall not have delivered to the Debtor prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of such Interest which such Person has or may hold with respect to the Debtor or the Purchased Assets or otherwise, then (a) the Debtor is hereby authorized and directed to execute and file such statements,

ORDER APPROVING SALE, etc. - 13
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

instruments, releases and other documents on behalf of such Person with respect to the Purchased Assets, and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Purchased Assets of any kind or nature whatsoever.

23. All entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer at the Closing, and the Buyer hereby is authorized to retrieve and take possession of all Purchased Assets in the possession of any third parties, including but not limited to, any lessor or licensor.

24. The Buyer shall not be liable or responsible for any liability or other obligation of the Debtor arising under or related to the Purchased Assets, except as specifically stated in the Purchase Agreement and this Order. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Purchase Agreement, the Buyer shall not be liable for any Claims against the Debtor or any of its predecessors or affiliates, or as the transferee of the Purchased Assets, and the Buyer shall have no successor or vicarious liabilities of any kind or character whether known or unknown as of the Closing, now existing or hereafter arising or accruing, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing, including, without limitation, liabilities resulting from or relating to (i) errors or omissions claims, or (ii) Taxes, in either case, arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Business or the sale of the Purchased Assets.

25. Under no circumstances shall the Buyer be deemed a successor of or to the Debtor for any Interest against or in the Debtor or the Purchased Assets of any kind or nature whatsoever. The sale, transfer, assignment and delivery of the Purchased Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of,

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

the Debtor, except as specifically set forth in the Purchase Agreement and this Order. All Persons hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any action against the Buyer, any Affiliate of the Buyer or any successor or assign of the Buyer or such Affiliate, the Purchased Assets, or any other property of the Buyer or any Affiliate of the Buyer or any successor or assign of the Buyer or such Affiliate, in each case with respect to any Interest such Person had, has, or may have against or in the Debtor, its estate, officers, directors, shareholders, or the Purchased Assets (as such Purchased Assets existed prior to the Closing). Following the Closing, no holder of any Interest against the Debtor or the Purchased Assets (as such Purchased Assets existed prior to the Closing) shall interfere with the title to, or use and enjoyment of, the Purchased Assets based on or related to such Interest, or based upon actions taken or omissions that occurred in the Debtor's Chapter 11 case.

26. This Court retains exclusive jurisdiction to (i) interpret, enforce, implement and resolve any disputes arising under or in connection with the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and any agreements executed in connection therewith, the Bidding Procedures Order and this Order, (ii) compel delivery of the Purchased Assets to the Buyer and (iii) protect the Buyer against (a) any liabilities relating to or in connection with the Debtor or the Purchased Assets that do not constitute Assumed Liabilities, or (b) any Interests in the Debtor or the Purchased Assets; provided, however, that in the event that the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this clause or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

27. Nothing contained in any order entered in this bankruptcy case subsequent to the entry of this Order, nor in any plan of reorganization (or liquidation) confirmed in this case (or any other case involving the Debtor) or order of this Court confirming such plan shall conflict with or

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

derogate from the provisions of the Purchase Agreement or the terms of this Order. To the extent that there is such a conflict, the Purchase Agreement and this Order control. Furthermore, to the extent that there is any conflict between the terms of the Purchase Agreement and this Order, the Purchase Agreement controls.

28. Effective upon the Closing Date, this Order shall constitute a general release by the Debtor and its estate of the Purchaser Group (as defined in the Purchase Agreement), to the extent set forth in the Purchase Agreement. Without limiting the foregoing, upon and following the Closing Date, the Buyer shall not be deemed to (a) be the successor of the Debtor, (b) have, *de facto* or otherwise, merged with or into the Debtor, or (c) be a mere continuation or substantial continuation of the Debtor or the enterprise of the Debtor. Nothing in this paragraph shall be deemed to effect a release of the Purchaser Group with respect to Buyer's obligations under the Purchase Agreement.

29. The transfer of the Purchased Assets pursuant to the Purchase Agreement shall not subject the Buyer to any liability with respect to the operation of the business prior to the Closing Date or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable subordination or successor or transferee liability.

30. The reversal or modification on appeal of the authorization provided herein to consummate the Transactions shall not affect the validity of the Transactions, including, without limitation, the Sale to the Buyer or the assumption and assignment to the Buyer of the Assumed Executory Contracts and Leases, unless such authorization is duly stayed pending such appeal.

31. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, and its creditors and interest holders, the Buyer, and its affiliates, successors and assigns, and any affected third parties

ORDER APPROVING SALE, etc. - 16
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

including, but not limited to, all non-Debtor parties to Assumed Executory Contracts and Leases, all Persons asserting Interests in the Purchased Assets, and any trustees, examiners, "responsible persons" or other fiduciaries appointed in the Debtor's bankruptcy case or under any chapter of the Bankruptcy Code. The Purchase Agreement shall not be subject to rejection or avoidance under any circumstance.

32. Neither the Purchase Agreement, nor the consummation of the Transactions contemplated thereby, directly or indirectly (with or without notice or lapse of time) (a) contravenes, conflicts with or results in a violation of, or gives any Governmental Authority or other Person or entity the right to challenge the Transactions or to exercise any remedy or obtain any relief under, any federal, state, county or local law, statute, rule, regulation, ordinance, code or any decree, ruling, order, writ, injunction, award or judgment of any Governmental Authority applicable to the Debtor or with respect to which any of the Purchased Assets is subject, or (b) shall result in the imposition or creation of any Interest or other rights of a third party upon or with respect to any or all of the Purchased Assets.

33. Neither the Debtor nor the Buyer is required to make any filing with or give any notice to, or to obtain any approval, consent, ratification, permission, waiver or authorization from, any Person or any Governmental Authority in connection with the execution and delivery of the Purchase Agreement or the consummation of the Transactions (other than with respect to governmental licenses which do not constitute Purchased Assets), and the Debtor does not need to seek or obtain shareholder consent to consummate the Transactions.

34. Following the closing of the Transactions under the Purchase Agreement, the Senior Lenders' receipt of the Senior Debt Cash Amount, and the closing of each debt facility related to Buyer's assumption of the Assumed Secured Debt of the Senior Lenders as set forth in Section 3.1(a)(i) of the Purchase Agreement, all of the Debtor's obligations under the First Lien Credit Facility and DIP Credit Agreement shall be deemed satisfied, other than claims for indemnification

ORDER APPROVING SALE, etc. - 17
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

and recoverable fees and expenses with respect any aforementioned claims arising after the entry of this Order or with respect to any claims arising with respect any claims which may be pursued by or on behalf of the Committee.

35. The parties have agreed to resolve the objection by the Creditors Committee to entry of this Sale Order on the basis set forth in the "Terms of Agreement Regarding Committee Objection" attached hereto as Exhibit B (the "Committee Terms"). The Committee Terms are hereby approved, and the Committee Terms are incorporated herein by reference and are binding on all parties in interest in these proceedings.

36. The failure specifically to include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

37. Buyer's assumption of the Assumed Trade Payables pursuant to Section 2.3(h) of the Purchase Agreement and the assumption by Essex Rental Corp. of $5.3 million of the secured indebtedness under the Second Lien Credit Facility pursuant to Section 3.1(a)(ii) of the Purchase Agreement constitute a reduction of the Debtor's obligation under the Second Lien Credit Facility of $7 million.

38. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court.

39. This Order shall be effective immediately upon entry, and any stays of orders provided for in Bankruptcy Rules 6004(h), 6006(d), 7062 and any other provision of the Bankruptcy Code or Bankruptcy Rules shall not apply, are expressly lifted and this Order is immediately effective and enforceable.

ORDER APPROVING SALE, etc. - 18
K:\2065889\00015\20347_DCN\20347P262F

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

40. The provisions of this Order are non-severable and mutually dependent.

DATED this _____ day of November, 2010.

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

Presented:

K&L GATES LLP

By: */s/ David C. Neu*
Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
Brian L. Lewis, WSBA #33560
Attorneys for Coast Crane Company

{01505901.DOC;2 }
K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022