| | | |
|---|---|---|
| 1 | Michael J. Gearin, WSBA # 20982<br>David C. Neu, WSBA #33143 | Honorable Karen Overstreet<br>Chapter 11 |
| 2 | K&L GATES LLP<br>925 Fourth Avenue, Suite 2900 | Hearing Location: Seattle, Room 7206<br>Hearing Date: Friday, March 18, 2011 |
| 3 | Seattle, WA 98104-1158<br>(206) 623-7580 | Hearing Time: 9:30 a.m.<br>Response Date: Friday, March 11, 2011 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>COAST CRANE COMPANY, n/k/a<br>CC LIQUIDATING COMPANY<br><br>Debtor. | No. Case No: 10-21229<br><br>MOTION FOR ENTRY OF ORDER AUTHORIZING STRUCTURED DISMISSAL AND GRANTING OTHER AND RELATED RELIEF |

Coast Crane Company n/k/a CC Liquidating Company ("CC" or the "Debtor") brings this Motion for Entry of Order Providing for a Structured Dismissal and Granting Other and Related Relief (the "Dismissal Motion"). In support of this Dismissal Motion, the Debtor respectfully represents:

1. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 22, 2010 (the "Petition Date"). The Debtor is managing its affairs as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor filed a motion for approval of a debtor-in-possession financing facility (the "DIP Facility") provided by the prepetition first lien lenders (the "First Lien Lenders"). By order dated November 5, 2010 (the "DIP Order") [Dkt. 268] the Court approved the DIP Facility on a final basis. In the DIP Order, the Court determined that the First Lien Lenders

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 1

K:\2065889\00015\21664_KS\21664P31UN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

have valid, binding enforceable and perfected first priority liens on substantially all the Debtor's assets securing the DIP Facility obligations and further determined that the First Lien Lenders have valid, binding enforceable and perfected priority liens on substantially all the Debtor's assets securing the prepetition loans.

3. The Debtor sought and obtained Court approval to conduct an auction (the "Auction") and effectuate a sale (the "Sale") of substantially all of the Debtor's assets and business (the "Assets") pursuant to Bankruptcy Code § 363. *See Dkt id #17, and 152*. Following the Auction, on November 16, 2010, the Court entered an Order Approving the Sale of Substantially All of the Debtor's Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances (the "Sale Order") to the purchaser, pursuant to an Asset Purchase Agreement (the "Purchase Agreement"). *See Dkt id* #306.

4. The Sale closed on November 24, 2010 (the "Closing"), netting sale proceeds (the "Sale Proceeds") to the Debtor of more than $101 million, which amounts were sufficient to fully retire the claims of the First Lien Lender, assume and satisfy other secured debt exceeding $12 million, reduce the junior secured lender's claims by $7 million, and make distributions to trade creditors totaling $1.9 million.

5. As authorized by the Sale Order, Sale Proceeds were distributed to secured creditors in satisfaction of their secured claims against the Debtor. The Purchaser assumed certain secured debt including $5.3 million under the Second Lien Credit Facility and approximately $3.983 million under a purchasing facility with DeLage Langen. Pursuant to the Sale Order the Purchaser assumed the obligation to make payments to certain trade creditors (the "2.3(h) Creditors") from a fund totaling $1.9 million (the "Trade Creditor Fund"). On or about December 6th, 2010, the Debtor made distributions to Trade Creditors distributing the full amount of Trade Creditor Fund. There are no remaining unencumbered cash proceeds in the estate which are available for disbursement to general unsecured creditors.

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 2

K:\2065889\00015\21664_KS\21664P31UN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

6. The Debtor's only remaining liquid assets are funds carved out of the secured lender's collateral and the sale proceeds for the benefit of court approved professionals who have provided services to the estate. Those funds are held in the trust accounts of counsel for the Debtor. The amounts held in trust are sufficient to retire the accrued and unpaid professional fee administrative claims. The terms of the Purchase Agreement call for payment of any residual amounts to the Purchaser after payment of professional fees and expenses of the Seller for winding up the bankruptcy case. The Debtor intends to retain residual funds for a period of sixty days following dismissal of the case to pay unanticipated windup costs after which, the residual amounts will be released to the Purchaser.

7. Concurrently with this Dismissal Motion, counsel for the Debtor, counsel for the Committee and financial consultants for the estate have filed final fee applications seeking awards of compensation through March 18, 2011 (the "Final Fee Application Period").

8. The Debtor's believe that they have paid all of their ordinary course administrative liabilities incurred during the bankruptcy case or such obligations have been assumed by the Purchaser. All fees payable to the United States Trustee through and including the 4th Quarter, 2010 have been paid by the Debtor. The Debtor proposes that all fees payable pursuant to Chapter 123 of Title 23, United States Code, as determined by the Bankruptcy Court on the Dismissal Date, including, but not limited to, quarterly fees owed to the Office of the United States Trustee for the 1st quarter, 2011, shall be paid within seven (7) days of the entry of the order of dismissal ("Order of Dismissal").

9. Pursuant to the Sale Order, the Purchaser acquired and waived all preference claims against 2.3(h) Creditors. The Debtor and the Committee have analyzed other potential avoidance action claims and have jointly concluded that there would be no benefit to general unsecured creditors from the pursuit of additional avoidance actions.

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 3

K:\2065889\00015\21664_KS\21664P31UN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

10. The Debtors do not have sufficient assets to confirm a Chapter 11 plan and there is not a benefit to creditors from a plan process.

11. As of the filing of this motion, there is a pending contested matter before the Court involving the proposed assumption and assignment of the Manitowoc related executory contracts to the Purchaser. The assumption and assignment motion is presently set for hearing on March 4, 2011. The Debtor has been assured that Manitowoc and the Purchaser will reach an accommodation regarding the assignment motion before the hearing on dismissal of the case. In the event that such an accommodation has not been reached, the Debtor will request that the Court retain jurisdiction regarding those issues.

12. The Debtor anticipates that the Court clerk will mail notice of the dismissal of the case. However, in the event the Court clerk does not mail a notice to all creditors and parties-in-interest advising them of dismissal of the case within thirty (30) days of entry of the Order of Dismissal, the Debtor shall (a) serve a notice of dismissal of the Chapter 11 case and notice of no further distribution (the "Dismissal Notice"), in a form agreed to by the Debtor and Committee, by first class mail, upon (a) counsel to the Committee, (b) the Office of the United States Trustee, (c) all creditors, and (d) all parties-in-interest who have filed a Request for Special Notice in this proceeding.

### III. ARGUMENT

13. Pursuant to Bankruptcy Code Section 1112, "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested . . . dismissal is not in the best interests of creditors and the estate, the court shall . . . dismiss a case under this chapter . . . if the movant establishes cause." A determination of cause is made by the court on a case by case basis. In re Albany Partners Ltd., 749 F.2d 670, 674 (11th Cir. 1984). The Court has wide discretion to employ its equitable powers to

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 4

K:\2065889\00015\21664_KS\21664P31UN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

dismiss a bankruptcy case.  In re Preferred Door Co., 990 F.2d 547, 549 (10th Cirl 1993); In re Sullivan Center Plaza 1 Ltd., 935 F. 2d 723, 728 (5th Cir. 1991)(whether cause exists "rests in the sound discretion of the bankruptcy court").

14. On of the enumerated bases for dismissal of a bankruptcy case is where a party in interest shows that there is an "inability to effectuate a plan of reorganization." 11 U.S.C. § 1112(b)(4)(M).  The Debtor respectfully moves the Court for an order authorizing a structured dismissal of the Debtor's case, because formulation of a full-fledged plan of reorganization would needlessly generate additional administrative expenses for the Debtor, and the Debtor is not able to effectuate substantial consummation of a plan.

15. The Debtor has sold substantially all of its assets and business, the entire business has been sold and there is no possibility that the Debtor will resume operations.  The Debtor has already distributed all of its available liquid assets to creditors.  Thus, following the Court's ruling upon allowance of professional administrative expenses, and payment of the approved fees and expenses, there will be no need for the Debtor to remain in bankruptcy.

16. Once the Court determines that cause exists for dismissal of a Chapter 11 case, the Court must evaluate whether dismissal is in the best interests of the creditors and of the estate.  See, In re Superior Sliding & Window, Inc., 14 F. 3d 240, 243 (4th Cir. 1994).  The best interests of creditors test is met where interested parties agree that dismissal is the proper disposition of the case See, In re Mazzoccone 183 B.R. 402, 411(Bankr. E.D. Pa. 1995).  Here the unsecured creditors committee supports dismissal of the case and the Debtor believes that no other creditor will oppose dismissal.

## IV.  CONCLUSION

For these reasons, the Debtor requests that the Court enter an order in the submitted form authorizing structured dismissal and granting other and related relief.

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 5

K:\2065889\00015\21664_KS\21664P31UN

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

DATED this 25th day of February, 2011.

K&L GATES LLP

By /s/Michael J. Gearin
　Michael J. Gearin, WSBA # 20982
　David C. Neu, WSBA #33143
Attorneys for Coast Crane Company
n/k/a CC Liquidating Company

MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 6

K:\2065889\00015\21664_KS\21664P31UN