Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA #33143
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Karen Overstreet
Chapter 11
Hearing Location: Seattle, Room 7206
Hearing Date: Friday, March 18, 2011
Hearing Time: 9:30 a.m.
Response Date: Friday, March 11, 2011

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| In re: | No. Case No: 10-21229 |
| COAST CRANE COMPANY, n/k/a CC LIQUIDATING COMPANY | DECLARATION OF JEFF NERLAND IN SUPPORT OF MOTION FOR ENTRY OF ORDER AUTHORIZING STRUCTURED DISMISSAL AND GRANTING OTHER AND RELATED RELIEF |
| Debtor. | |

I, Jeff Nerland declare as follows:

1. I am employed as a restructuring consultant with CRG Partners Group LLC ("CRG"). I have more than 25 years of senior financial management and advisory experience helping companies with their reorganization efforts. I am submitting this declaration in support of the Debtor's Motion for Entry of Order Authorizing Structured Dismissal and Granting Other and Related Relief (the "Dismissal Motion"). I am over the age of 18 years old and, if called as a witness, could and would testify to the matters set forth herein based on by personal knowledge, except as otherwise set forth below.

2. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 22, 2010 (the "Petition Date"). The Debtor is

DECLARATION OF JEFF NERLAND IN
SUPPORT OF MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 1

K:\2065889\00015\21664_KS\21664P31UO

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

managing its affairs as a debtor-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. The Debtor sought and obtained Court approval to conduct an auction (the "Auction") and effectuate a sale (the "Sale") of substantially all of the Debtor's assets and business (the "Assets") pursuant to Bankruptcy Code § 363. Following the Auction, on November 16, 2010, the Court entered an Order Approving the Sale of Substantially All of the Debtor's Assets and Business Free and Clear of All Liens, Claims, Interests and Encumbrances (the "Sale Order") to the purchaser, pursuant to an Asset Purchase Agreement (the "Purchase Agreement").

4. The Sale closed on November 24, 2010 (the "Closing"), netting sale proceeds (the "Sale Proceeds") to the Debtor of more than $101 million, which amounts were sufficient to fully retire the claims of the First Lien Lender, assume and satisfy other secured debt exceeding $12 million, reduce the junior secured lender's claims by $7 million, and make distributions to trade creditors totaling $1.9 million.

5. As authorized by the Sale Order, Sale Proceeds were distributed to secured creditors in satisfaction of their secured claims against the Debtor. The Purchaser assumed certain secured debt including $5.3 million under the Second Lien Credit Facility and approximately $3.983 million under a purchasing facility with DeLage Langen. Pursuant to the Sale Order the Purchaser assumed the obligation to make payments to certain trade creditors (the "2.3(h) Creditors") from a fund totaling $1.9 million (the "Trade Creditor Fund"). On or about December 6th, 2010, the Debtor made distributions to Trade Creditors distributing the full amount of Trade Creditor Fund. There are no remaining unencumbered cash proceeds in the estate which are available for disbursement to general unsecured creditors.

6. The Debtor's only remaining liquid assets are funds carved out of the secured lender's collateral and the sale proceeds for the benefit of court approved professionals who have provided services to the estate. Those funds are held in the trust accounts of counsel for the Debtor.

DECLARATION OF JEFF NERLAND IN
SUPPORT OF MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 2

K:\2065889\00015\21664_KS\21664P31UO

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The amounts held in trust are sufficient to retire the accrued and unpaid professional fee administrative claims. The terms of the Purchase Agreement call for payment of any residual amounts to the Purchaser after payment of professional fees and expenses of the Seller for winding up the bankruptcy case. The Debtor intends to retain residual funds for a period of sixty days following dismissal of the case to pay unanticipated windup costs after which, the residual amounts will be released to the Purchaser.

7. Concurrently with this Dismissal Motion, counsel for the Debtor, counsel for the Committee and financial consultants for the estate have filed final fee applications seeking awards of compensation through March 18, 2011 (the "Final Fee Application Period").

8. The Debtor's believe that they have paid all of their ordinary course administrative liabilities incurred during the bankruptcy case or such obligations have been assumed by the Purchaser. All fees payable to the United States Trustee through and including the 4th Quarter, 2010 have been paid by the Debtor. The Debtor intends to pay, from the funds held in trust by its counsel, quarterly fees owed to the Office of the United States Trustee for the 1st quarter, 2011 within seven (7) days of the entry of the order of dismissal ("Order of Dismissal").

9. Pursuant to the Sale Order, the Purchaser acquired and waived all preference claims against 2.3(h) Creditors. The Debtor, through my offices, and the Committee have analyzed other potential avoidance action claims and have jointly concluded that there would be no benefit to general unsecured creditors from the pursuit of additional avoidance actions.

10. The Debtors do not have sufficient assets to confirm a Chapter 11 plan and there is not a benefit to creditors from a plan process.

11. As of the filing of this motion, there is a pending contested matter before the Court involving the proposed assumption and assignment of the Manitowoc related executory contracts to the Purchaser. The assumption and assignment motion is presently set for hearing on March 4, 2011. The Debtor has been assured that Manitowoc and the Purchaser will reach an accommodation

DECLARATION OF JEFF NERLAND IN
SUPPORT OF MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 3

K:\2065889\00015\21664_KS\21664P31UO

regarding the assignment motion before the hearing on dismissal of the case. In the event that such an accommodation has not been reached, the Debtor will request that the Court retain jurisdiction regarding those issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 25th day of February, 2011, at _Santa Ana, California_.

_____
Jeff Nerland

DECLARATION OF JEFF NERLAND IN
SUPPORT OF MOTION FOR ENTRY OF ORDER
AUTHORIZING STRUCTURED
DISMISSAL - 4

K:\2065889\00015\21664_KS\21664P31UO

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022